### THE STATE *vs.* EDGAR L. PECK.

An original information by the attorney for the state to the superior court for a breach of the peace, dismissed for want of jurisdiction.

The superior court has no original jurisdiction over offenses for which a fine of only seven dollars, or imprisonment for a term not exceeding thirty days, may be imposed.

Justices of the peace have sole original jurisdiction over such offenses, and they must be brought to the superior court, if at all, by appeal, or by a binding over by the justice.

INFORMATION by the state's attorney to the superior court, for a breach of the peace. The defendant moved that the case be erased from the docket for want of jurisdiction, and the question arising on the motion was reserved for the advice of this court.

*Orton* and *Hubbard,* in support of the motion.

*Sedgwick,* state attorney, and *Turrill,* contra.

HINMAN, C. J. The defendant was brought before the superior court, upon a warrant issued from that court, on an information filed by the state's attorney, for an ordinary breach of the peace, in having committed an assault and battery upon the body of Charles Treat. As there had been no preliminary proceedings before a justice of the peace, or any other tribunal from which his case might have been sent or appealed to the superior court, he moved that court to erase the cause from

the docket, on the ground that the court had no jurisdiction to hear and determine a criminal case, thus brought to it, where the fine might not exceed seven dollars, or the imprisonment, if inflicted at all, might be for a period of thirty days, or less, in the county jail.

Justices of the peace have jurisdiction of all offenses punishable by fine not exceeding seven dollars, and by imprisonment not exceeding thirty days; but where the punishment must be greater than this, the jurisdiction was formerly given to the county or superior court, and, since the county court was abolished, is exclusively vested in the superior court. By the 149th section of the statute with regard to crimes and punishments, it is provided that the county courts should have sole cognizance and jurisdiction of all appeals from justices of the peace, and of all offenses and crimes whereof the punishment does not exceed a fine of two hundred dollars and imprisonment in a common jail or county workhouse not exceeding six months, except of such offenses as are given to the sole jurisdiction of justices of the peace. This section, taken in connection with the 147th section of the same statute, in which jurisdiction is given to justices of the peace to hear and determine all criminal causes where the fine does not exceed seven dollars, and the imprisonment is for a period not exceeding thirty days, shows that while jurisdiction of this offense is expressly given to justices, it is no where in terms conferred upon any other court, unless indeed the cause is brought up by appeal, or a binding over to the higher court by the justice on finding the offense of so aggravated a character as, in his opinion, to require a severer punishment than the fine and imprisonment which he is authorized to impose. The question therefore is, whether it was the intention of the legislature to confer jurisdiction of this offense concurrently upon justices and upon the county courts. We are of opinion that such was not the intention. On a question of this sort, where the language of the statute is perhaps broad enough to confer jurisdiction upon the county court if there had been any necessity for its exercise, we think the uniform practice which has prevailed of always instituting proceedings for breaches of the

peace before justices, is strong evidence that it was intended that the jurisdiction of the latter should be exclusive. Nothing is more common than for delinquents to be brought to the superior court directly, without any preliminary proceedings before justices, in cases where the jurisdiction of that court is undoubted. But we believe this is the first instance in which this course has been attempted for a simple breach of the peace. And to subject parties guilty of petty offenses to be prosecuted before courts where the costs are necessarily several times greater than any fine that ought to be imposed, can hardly be claimed to have been intended.

We advise the superior court therefore to dismiss the case.

In this opinion the other judges concurred.