State *v.* Pritchard.

# SUPREME COURT OF ERRORS.

## COUNTIES OF NEW HAVEN AND MIDDLESEX.

SEPTEMBER TERM, 1868.

Present,

HINMAN, C. J., BUTLER, PARK AND CARPENTER, JS.

---

### THE STATE *vs.* EDWARD PRITCHARD.

The Superior Court will on motion erase a case from the docket where it is apparent from the record that it has no jurisdiction, or that the process is void. In other cases the defendant is left to his plea.

Where a person charged with a crime is bound over to the Superior Court by a lower court, upon a complaint filed in such lower court, the attorney for the state may file a new information charging the offense in several counts and with various descriptions, adapted to the proof as he finds it.

A complaint filed in a city court by the city attorney charged that the defendant, "contriving by false pretenses to defraud one *G C* of his goods and chattels, to wit, four thousand bushels of grain of the value of $4,000, and eight thousand pounds of feed of the value of $1,000, did falsely represent to the said *G C* that he owned four thousand bushels of corn in his mill in *D* and a large stock of corn and grain in his mill in *S*, and that he had large means; by means of which false pretenses he obtained of said *G C* his goods and chattels aforesaid." In the Superior Court the attorney for the state filed an information charging that the defendant "falsely pretended to *G C* that he was a man of large means and credit, that he owned four thousand bushels of corn in his mill in *D*, and a large stock of corn and flour in *S*, and that he was of abundant means to pay for one thousand bushels of corn and two thousand bushels of oats which he wished to buy, and that by these representations he obtained of said *G C* one thousand bushels of corn of the value of $4,000, and two thousand bushels of oats of the value of $1,000." Held that the attorney for the state could properly file such an information.

State *v.* Pritchard.

The complaint as originally filed by the city attorney was fatally defective, and the city court allowed an amendment after the evidence was closed. Held to have been rightly allowed.

The offense was one of which the city court would have had final jurisdiction if it were not of so aggravated a character as to require a greater punishment than the court could legally inflict, and was to be sent to the Superior Court only in that case. The city court, instead of finding the defendant guilty and further finding the aggravated character of the offence, merely found that "probable cause exists for the support of said complaint," and thereupon bound the defendant over to the Superior Court. Held, on a motion in the latter court to strike the case from the docket, that, while it would have been more regular to have formally found the guilt of the defendant and the aggravated character of the offense, yet, as the form adopted was one frequently used, and the proceeding was merely a preliminary one and the defendant's rights not affected by its informality, it was no reason for striking the case from the docket.

INFORMATION filed by the attorney for the state in the Superior Court in New Haven county, upon a binding over of the defendant to that court by the city court of the city of New Haven upon the complaint of the city attorney.

The information was as follows : "That at the town of New Haven in said New Haven county, on the 1st day of December, 1867, Edward Pritchard, of the town of Oxford, in said county, with force and arms, intending and contriving to cheat and defraud George A. Chapman, a merchant of said town of New Haven, out of his goods and chattels, wilfully and designedly and falsely did represent and pretend to him, the said George A. Chapman, that he the said Pritchard was a man of large means and undoubted credit; that he then owned and had in his possession four thousand bushels of corn which was at his mill in the town of Derby in said county, and that he had other valuable property of a large amount at his said mill, and that he had a large stock of corn and flour and other goods at the town of Seymour, in said county ; and that he was of abundant means to pay for a large quantity, viz: one thousand bushels of corn and two thousand bushels of oats, which he then and there wished to buy of the said Chapman, and that his credit at bank was good and undoubted. And the said Chapman, believing in and relying upon the representations and pretenses of the said Pritchard, then and there, at said town of New Haven,

made as aforesaid, did sell and deliver to him, the said Pritch-
ard, a large quantity, to wit, one thousand bushels of corn,
of the value of four thousand dollars, and two thousand
bushels of oats of the value of one thousand dollars.  And
now said attorney informs that at the time said Pritchard wil-
fully, designedly and falsely made the representations and
pretenses aforesaid to the said Chapman, the said representa-
tions and pretenses were false and known so to be by the said
Pritchard ; that he did not then have the corn, feed and other
property at his mill in the town of Derby aforesaid, nor said
corn, feed and other stock at the town of Seymour aforesaid ;
nor was he then a man of large and abundant means, and of
good and undoubted credit at the bank ; but that said repre-
tations and pretenses were false, and then and there known
so to be by the said Pritchard, and were wilfully, designedly
and falsely made to the said Chapman by the said Pritchard,
with intent him to cheat and defraud out of his property,
flour, corn and feed as aforesaid, and that, by means of said
false representations and pretenses, he did then and there
wilfully and designedly obtain from the said Chapman his
goods, property and estate as aforesaid, contrary to the statute
in such case made and provided, of evil example, against the
peace, and contrary to the statute in such case made and
provided.".

The complaint filed in the city court was as follows :  " To
the city court holden, &c., comes, &c., assistant city attorney
of the city of New Haven, and on his oath of office com-
plaint and information makes, that since the incorporation of
said city, to wit, on the first day of December, A. D. 1867,
at said city of New Haven and within the corporate limits
thereof, Edward Pritchard of the town of Oxford, in said
county of New Haven, contriving and intending by false pre-
tenses to cheat and defraud George A. Chapman of said city
of New Haven, of his goods and chattels, to wit, four thou-
sand bushels of grain, of the value of four thousand dollars,
and eight thousand pounds of feed, of the value of one thou-
sand dollars, did falsely, wilfully and designedly and by color
of certain false tokens, devices and pretenses, represent to the

said Chapman that he the said Pritchard then owned between three and four thousand bushels of corn, which was in his lower mill in the town of Derby in said county, and that the same was stored and in his possession, and that he had large means, and stocks of corn and other grain and goods in his possession in said town, and in the town of Seymour in said county, at his mills; whereas in truth and in fact the said Pritchard did not so own said corn at said mill in said town of Derby, and had not then large means, and had not in his possession large stocks of corn, grain, and goods in his possession in the town of Derby or Seymour aforesaid, or at his said mill; against the peace of the state, of evil example, and contrary to the statute in such cases made and provided. Wherefore the said assistant city attorney prays process, that the said Edward Pritchard may be arrested, held to answer this complaint, and be thereon dealt with according to law.

The following amendment was allowed by the city court during the trial of the case, after the evidence was closed, and a part of the arguments had been made. "And by means of the false declarations, statements and pretenses aforesaid, the said Pritchard did then and there unlawfully obtain from said Chapman of his said goods and chattels of the value of three thousand dollars, described as aforesaid, with the intent then and there to defraud the said Chapman, against the peace, of evil example, and contrary to the statute in such cases made and provided."

The judgment of the city court as entered upon its records was as follows: "Upon the complaint of the assistant city attorney for the city of New Haven, in said county, charging said Pritchard with the crime of obtaining goods under false pretenses, committed within said city of New Haven, as per complaint on file: The accused appears, and for plea says Not Guilty; and this court having inquired into the facts set forth in said complaint, finds that probable ground exists for the support of said complaint. It is therefore ordered by this court that the accused become bound in a recognizance with sufficient surety, to the treasurer of the state of Con-

necticut, in the sum of $2,000, conditioned that the said Pritchard shall appear before the Superior Court, to be held at the town of New Haven, within and for said county, on the 1st Tuesday of March, A. D. 1868, to answer to said complaint and abide the order or judgment that may be rendered by said Superior Court touching said complaint, or the matters charged therein."

The counsel for the defendant in the Superior Court filed the following motion to erase the case from the docket.

"And now the defendant moves that said case be erased from the docket, because he says that this court has no jurisdiction of the matters charged in the information here presented ; for that,

"1. The offence charged in said information is different from that which he was bound over to this court to answer, and that he cannot now by this information be required to answer a charge that he "willfully and designedly and falsely did represent and pretend to him, the said George A. Chapman, that he the said Pritchard was a man of large means and undoubted credit, that he was of abundant means to pay for a large quantity, viz., one thousand bushels of corn and two thousand bushels of oats, which he then and there wished to buy of the said George A. Chapman, and that his credit at bank was good and undoubted," or any other charge than that particularly set forth in the complaint upon which he was bound over to this court.

"2. That it does not appear by the record of the city court binding him over to this court, that said court found any facts necessary to authorize such binding over, nor does it appear that he was ever proved or found guilty by said court of any offence whatsoever.

"3. That it appears by the record of said city court that he was not legally tried by said court upon the matters to answer which said court assumed to bind him over to this court, and that the complaint upon which evidence was heard, and the defendant was tried, by said court, does not set forth any offence which he could legally be held to answer in this court."

State *v*. Pritchard.

The questions arising on this motion were reserved by the Superior Court for the advice of this court.

*C. R. Ingersoll* and *H. B. Munson,* in support of the motion.

1. The Superior Court had no original jurisdiction of any of the matters charged in this information. *State* v..*Peck*, 31 Conn., 466. The charge is new and essentially different from that tried below, requiring new and different evidence upon both sides,—as much so as if the complaint below had charged the defendant with cheating with false coin, and here with counterfeit bills.

2. The proceedings of the court below were irregular, illegal and void. Irregular, for allowing a vital and substantial charge to be inserted as an amendment after the evidence on both sides had been closed, and finding probable cause upon that charge without plea or evidence. *State* v. *Stebbins*, 29 Conn., 471. Illegal and void, because before the amendment the complaint contained no criminal charge whatever. The arrest, detention and trial of the defendant were illegal, and at the time the amendment was made the court had no legal control or jurisdiction of the defendant. A void process cannot be amended at any stage. *State* v. *Stebbins*, supra.

3. If the court below had any jurisdiction of this cause that jurisdiction was or might have been final. The court should have found the actual fact of the prisoner's guilt, and could have bound him over only on finding that the offence was so aggravated as to recquire a punishment which was beyond the jurisdiction of the court. This fact was not found, so that the case as it stands was one of which the court below had final jurisdiction. The judge sat as a trying and not as a mere enquiring magistrate, so that a judgment of " probable ground" was not pertinent. *Bentley* v. *Lyman*, 21 Conn., 81 The proceeding by which the case is brought here is therefore wholly irregular and void.

*Doolittle*, with whom was *Foster*, contra.

CARPENTER, J.   The criminal jurisdiction of the Superior Court may be considered with reference to three classes of crimes.   It has original and exclusive jurisdiction of all those offenses, the penalty for which must be imprisonment for more than thirty days or a fine of more than seven dollars, except where by special statute jurisdiction is given to inferior courts.   It has appellate jurisdiction of all offenses, with few exceptions, within the original jurisdiction of justices of the peace and police courts.   And it has jurisdiction, partaking somewhat of the nature of both appellate and original jurisdiction, of those offenses the penalty for which may be more or less than seven dollars fine and thirty days imprisonment. In such cases the jurisdiction is appellate in its nature, in that the court takes cognizance of the cause only through the action of an inferior court, by binding over.   *State* v. *Peck*, 31 Conn., 466.   It is original, inasmuch as the court below judicially determines that the cause is beyond its jurisdiction; and the practice has always been for the attorney for the state to file a new information, as in cases of original jurisdiction, which cannot be done in cases brought before it by appeal.

The case before us is of the last mentioned class, and the jurisdiction of the court is of a mixed nature.

The defendant moved to erase the case from the docket, on the ground that it was not legally and properly brought to the Superior Court.

The Superior Court will, on motion, erase from the docket, when it is apparent from the record that it has no jurisdiction of the cause, or that the process is void.   But if the court has jurisdiction of the cause and the parties, and the process is not void, however irregular or defective it may be, the practice is not to erase from the docket, but to require the party to take advantage of the irregularity or defect by an appropriate plea. If then the irregularities and defects in this case are of such a character as to render the proceedings void, the case should be erased from the docket.   Otherwise not.

1. No objection is made to the information filed in the Superior Court, except that "the charge is new and essentially

different from that tried below, requiring new and different evidence upon both sides."

Upon a careful examination of the information and complaint we are satisfied that this objection ought not to prevail. The charge in each is that the defendant procured from one George A. Chapman certain goods by means of certain false pretenses and representations. Both refer to one and the same transaction, and describe the same offense. The information sets out the offense with greater particularity, but to that there can be no well founded objection. It is unquestionably competent for the attorney to frame his information to meet the proof as he finds it when the case comes into his hands ; and for that purpose he may file as many counts, varying the description of the offense in each, as he may deem necessary.

2. The next objection is that the proceedings in the city court were irregular in allowing an amendment after the evidence was closed. A mere irregularity will not prevent the Superior Court from acquiring jurisdiction. But we are not satisfied that this proceeding was irregular. The complaint was fatally defective in that a material averment was entirely omitted. Allowing the amendment was in conformity to the well settled practice in this state. *State* v. *Stebbins*, 29 Conn., 463. The objection that the complaint was void, and therefore not amendable, is not well taken. It was defective, so that a final judgment upon it would have been erroneous, but not void. Mere insufficiency does not render a process void.

3. The next and last objection is, that as the court below might have had jurisdiction of the offense, it should have found the actual fact of the prisoner's guilt.

It would have been technically correct, and perhaps better, if the court had found the defendant guilty, and that the offense was of so aggravated a nature as to require a greater punishment than it could legally inflict. But we are inclined to think that the course taken in this case, finding probable cause, and binding over, is the one frequently, if not usually,

taken in this class of cases ; and that it may under the practice, without doing great violence to the language used, be treated as but another form for expressing the same thing. Such cases are usually tried by magistrates not learned in the law, and we ought not, perhaps, for that reason to require technical nicety in making up the record, except when manifestly required to prevent injustice. The judgment is not final. The prisoner cannot be sentenced upon it, nor can it in any way be used against him on the trial before the Superior Court. It has no legal force or efficiency beyond holding the prisoner to appear before the Superior Court, and enabling that court to entertain jurisdiction of the cause. The whole proceeding is a preliminary one, and the irregularity is of such a character as not to prejudice the rights of the defendant. At all events it does not render the proceedings void.

We therefore advise the Superior Court not to erase the case from the docket.

In this opinion the other judges concurred.