State *v.* Davidson.

## STATE *vs.* JOHN A. DAVIDSON.

{ 40  281 |
{ 64  216 |

Under the act of 1870, by which the crime of perjury is made punishable by imprisonment in the county jail for a term not exceeding six months or in the state prison for a term not exceeding two years, and which fixes no minimum punishment, the Superior Court has no original jurisdiction of the crime, and a prosecution for it can be brought to that court only by an appeal from, or a binding over by, a justice of the peace.

INFORMATION by the State Attorney of Hartford County to the Superior Court in that county, charging the defendant with the crime of perjury. The defendant moved that the case be erased from the docket on the ground that the court had no jurisdiction of the case. The question was reserved for the advice of this court.

*W. C. Robinson,* in support of the motion.

*Hamersley,* State Attorney, contra.

FOSTER, J. At the May session of the General Assembly, in 1870, the following act was passed :

"Every person who shall commit perjury, or who shall be guilty of subornation of perjury, shall suffer imprisonment in the county jail for a term not exceeding six months, or in the Connecticut State Prison for a term not exceeding two years." The second section of the act repealed the 97th section of the criminal code, which affixed imprisonment in the state prison for a term not less than two, nor more than five years, as the punishment of this crime. Acts of 1870, p. 446.

Under this act has the Superior Court jurisdiction of this case ?

We think it has not. Justices of the peace have jurisdiction of all offences and crimes punishable by fine not exceeding seven dollars, or imprisonment in a common jail not exceeding thirty days, or by such fine and imprisonment both. Gen. Statutes, tit. 12, sec. 215. Under the act of 1870 it is quite clear that justices of the peace are empowered

to try and decide the question of the guilt or innocence of one charged with the crime of perjury. If the accused be found guilty, and the magistrate be of opinion that the crime is not sufficiently grave to deserve a severer punishment than imprisonment not exceeding thirty days, he may proceed to pass sentence, and impose as a penalty imprisonment for any period not exceeding thirty days; no minimum of imprisonment being fixed by law. If no appeal be taken, this disposes of the matter. Should the magistrate think that thirty days imprisonment, the extent of his jurisdiction, would be a punishment inadequate to the offence committed, he may bind the accused over to a tribunal invested with higher powers.

Thus, by an appeal, or by a binding over, there can be no doubt that the Superior Court may obtain jurisdiction of a case where an individual is charged with perjury. Gen. Statutes, tit. 12, sec. 217. Original jurisdiction, however, is not conferred; the preliminary action of another tribunal is a necessary prerequisite to its exercise. The principle here involved was considered and passed upon in the case of *State v. Peck*, 31 Conn., 466, and *State* v. *Pritchard*, 35 Conn., 325. Without overruling these authorities, which we are not disposed to do, we must consider them as decisive of this case.

We see nothing in the events of the day which induces us to believe that the crime of perjury is diminishing. It certainly is no less dangerous, we trust it is no less odious, to the community, than it has ever been. Should the act of 1870 be found not to work beneficially, the legislature will doubtless supply the needful amendments.

The Superior Court is advised to allow the motion of the defendant's counsel and order the case to be erased from the docket.

In this opinion the other judges concurred.