For the reasons stated, I concur in the advice given to the Superior Court.

---

THE STATE *vs.* JOHN KEENA.

Third Judicial District, New Haven, January Term, 1894.  ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Under the common law of this State the State's Attorney may file an original criminal information in the Superior Court in any case within its jurisdiction.

This power is not abridged by § 1607 of the General Statutes, originally enacted in 1874, which provides for the filing of such an information against the accused " in cases in which an inferior court may, at its discretion, punish him, or bind him over for trial."   This statute simply gives to the Superior Court an original jurisdiction it did not before possess.

The validity of an information is not affected by the fact that the accused is already in the custody of the court upon another information for the

State *v.* Keena.

same offense.   In such case there is no need of process to bring the accused before the court for arraignment.

History of legislation concerning the powers and duties of State's Attorneys reviewed.

[Argued January 23d—decided March 6th, 1894.]

INFORMATION for arson filed by the State's Attorney in the Superior Court for New Haven County, in lieu of an information brought by the city attorney of Meriden charging the same offense, upon which the accused had been bound over, tried and convicted, but which this court, on the defendant's appeal, held defective.   *State* v. *Keena*, 63 Conn., 329.

Upon the trial to the jury upon the substituted information, before *Prentice, J.*, the accused was again convicted and appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Charles S. Hamilton*, for the appellant (accused).

*Tilton E. Doolittle*, State's Attorney, for the State.

HAMERSLEY, J.   An information charging the defendant with the crime of arson was filed in the Superior Court by the State's Attorney, while the defendant was in the custody of the court to answer to a former information charging the same crime, but with a different allegation of the ownership of the building burned.   The defendant was tried, convicted and sentenced.   Upon being put to plead, and at different stages of the trial, he objected in due form to the validity of the information.   The appeal assigns error in overruling these objections, and the defendant claims that the judgment should be set aside mainly because the crime charged is exclusively within the original jurisdiction of the Superior Court, and in such case the State's Attorney has no authority to file an original information.   It is also urged as ground of error that when the information was filed another information was pending charging in a different form the

commission of the same crime, and that the defendant was arraigned and tried, against his protest, without the issue of a bench warrant.

The pendency of one indictment does not prevent another being found in the same court for the same cause ; and when the defendant is in custody the attorney may file an information for any offense proper to be tried by the court.  *Commonwealth* v. *Drew*, 3 Cush., 279 ; *Hendee* v. *Taylor*, 29 Conn., 456.   When the defendant is in the custody of the court there is no need of process to bring him before the court, and he may be arraigned without the issue of such process.   1 Chitty Criminal Law, 338.   These propositions are well settled law in this State.

Nor is there any ground for the defendant's principal claim of error.   The powers and duties of a State's Attorney have never been defined by statute law ; they are (except in certain particulars specifically enumerated in the statutes) the necessary incidents of the office, by force of the common law of this State.   The language used in relation to the office has not materially changed since it was first formally established.   In 1704 the "Atturney for the Queen," is required to "prosecute and implead in the lawe all criminall offenders, and to doe all things necessary or convenient as an atturney to suppress vice and imorallitie."   4 Colonial Records, 468.   In 1730 this Act was passed : "In each county there shall be one King's Attourney, who shall plead and manage, in the county where such attourney is appointed, in all matters proper, in behalf of our sovereign lord the King."   7 Colonial Records, 280.

In 1764, apparently to remove any doubt that the representative of the crown also represented the sovereignty of the Colony, the King's attorneys in the several counties were empowered "to appear in behalf of the Governor and Company of this Colony in all cases concerning them or brought for or against them in any of the said counties."   12 Colonial Records, 258.   In 1784 it was enacted that :—" In each county in this State, there shall be one State Attorney, who shall prosecute, manage and plead in the County where such

Attorney is appointed, in all Matters proper for, and in behalf of the State." Statutes 1786, p. 11. In the Revision of 1821 and of 1838 the same language was used. In 1849 the language was condensed as follows :—" The County Court, in each county, shall appoint one attorney for the State, who shall act as attorney in behalf of the State in the county where appointed." Revision 1849, p. 208. In 1888 the statute reads thus :—" A State's Attorney in each county, who shall act therein as attorney in behalf of the State." General Statutes, § 763.

It has been uniformly held since 1730 that the office then established carried with it the duty to conduct all criminal prosecutions in the Superior Courts, and the power to institute and carry on in every court having criminal jurisdiction (unless restrained by some statute) any criminal prosecution within the jurisdiction of the court, and also the power and duty to exercise the common law powers appertaining to the office of Attorney General, so far as applicable to our system of jurisprudence.

The power of the State's Attorney to file in the Superior Courts an original information exists by reason of his being invested with common law power of Attorney General, which in this State is greatly enlarged, because we early adopted the policy of filing an information in cases of felonies as well as misdemeanors ; and, since the adoption of our Constitution, an information may be filed for every crime not punishable by death or imprisonment for life. It is then the common law of this State that authorizes the State's Attorney to file informations in the Superior Court, both in ordinary criminal prosecutions and in those prerogative writs where he represents as Attorney General the sovereignty of the State. Mandamus and *quo warranto* were authorized and regulated entirely by the common law until 1821, and to this day it is the common law that authorizes the State's Attorney to represent the sovereignty of the State when those writs are issued on application of the State alone. This common law power, inherent in the office of State's Attorney, is partially stated by Swift in his System, page 376, and in his

Digest, pages 392 and 370 ; and is fully established and set-
tled beyond all question by the numerous cases in which the
power has been exercised by the Attorney and sanctioned by
our courts.

In filing an original information in the Superior Court, the
State's Attorney, therefore, exercises a common law power,
which can only be taken away by the clear terms of the
statute.   The defendant claims that this power was taken
away by the statute of 1874, which says :—" An original in-
formation may be filed in the Superior Court against any
person accused of crime, in cases in which an inferior court
may, at its discretion, punish him, or bind him over for
trial."   General Statutes, § 1607.   This statute apparently
gives to the attorney a power he did not have at common
law, but in reality it simply gives to the Superior Court a
jurisdiction it did not before possess.   In 1873, this court
held, that in removing the minimum punishment for the
crime of perjury, so that an inferior court might, upon com-
plaint for perjury, either punish or bind over the accused,
the legislature intended to take from the Superior Court its
original jurisdiction of that crime ; and therefore the State's
Attorney could not file an original information for that crime
in the Superior Court.   State v. Davidson, 40 Conn., 281.
In giving the decision the court intimated there might be
occasion for the interference of the legislature.   The follow-
ing spring the law of 1874 was passed.   It was, in purpose,
a law declaratory of the legislative intent, and, in effect,
provided that thereafter the Superior Court should have
original jurisdiction of all crimes where an inferior court in
cases brought before it may either punish or bind over the
accused ; and that the mere fact of the legislature removing
the minimum punishment for a felony or other crime should
not deprive the Superior Court of its original jurisdiction.
It is evident that a law increasing the jurisdiction of the
Superior Court so that the attorney may file original infor-
mations arising under the new jurisdiction, cannot be con-
strued as taking from the attorney his common law power
of filing informations in other cases.   Or, if the statute can

be treated as authorizing the State's Attorney to file original informations in the Superior Court in cases of which the court has not original jurisdiction, it is, if possible still more evident that the law. cannot be construed as forbidding him to file original informations in cases of which the court has such jurisdiction.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.