THE STATE OF CONNECTICUT *vs.* LAWRENCE W. CARROLL.

Third Judicial District, New Haven, June Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

It has long been the policy of this State to commit to local, inferior courts, jurisdiction over minor offenses, and to give to the Superior Court original jurisdiction of all other crimes and misdemeanors.

The City Court of New Haven has sole and exclusive jurisdiction over offenses committed within the city limits, in which the prescribed punishment is a fine of not more than $200 or an imprisonment for not more than six months or both (Charter, § 185); and therefore the Superior Court has no original jurisdiction to try an information for a violation of the statute (Public Acts of 1919, Chap. 25) relating to the standing-room capacity of moving-picture theatres, since the punishment therefor is a fine of not more than $50 or imprisonment not more than thirty days, or both.

Section 6599 of the General Statutes, first enacted in 1874, authorizes the State's Attorney to file an original information in the Superior Court against any person accused of crime, "in cases in which an inferior court may at its discretion punish him or bind him over for trial." *Held* that this statute did not confer original jurisdiction upon the Superior Court in all cases in which the inferior court might punish the accused, as contended by the State, since this would give the Superior Court original jurisdiction of all crimes of every degree, and run counter to the long-established policy of the State; but only in cases in which the inferior court had power to do

*either* of two things: to punish the accused itself or to bind him over for trial; and that inasmuch as the inferior court in this case (City Court of New Haven) had no discretion to bind over the accused for trial, § 6599 did not apply to the situation, and the cause was properly erased from the docket of the Superior Court for lack of jurisdiction.

Section 6555, which allows inferior courts to take final jurisdiction of any crime punishable by a fine of not more than $1,000 or imprisonment for not more than five years or both, whenever, upon conviction, any of such courts shall determine that no greater punishment ought to be imposed than that which it may award, was also enacted in 1874, and should be read in connection with § 6599.

Argued June 13th—decided July 7th, 1922.

INFORMATION for violating the law respecting the standing-room capacity of moving-picture theatres (Public Acts of 1919, Chap. 25), brought to the Superior Court in New Haven County and dismissed (*Avery, J.*), upon motion of the accused, for lack of jurisdiction, from which judgment the State appealed. *No error.*

*Arnon A. Alling,* State's Attorney, with whom was *Walter M. Pickett,* Assistant State's Attorney, for the appellant (the State).

*Walter J. Walsh,* with whom, on the brief, was *Louis Sachs,* for the appellee (the accused).

WHEELER, C. J. The information charges, in count one, that the defendant failed to conspicuously display at each entrance to the Rialto Theatre in New Haven, any placard on which was plainly printed the standing-room capacity of the place; and in count two, that defendant violated the order of the chief of the State police limiting the number of persons to fifty who might occupy standing-room in said theatre, contrary to Chapter 25 of the Public Acts of 1919.

No question arises as to the sufficiency of the allegations of the information in charging a crime under

this statute. The accused was arrested upon a bench warrant issued by the Superior Court in criminal session. Thereafter defendant moved that the case be erased from the docket because the court had no jurisdiction. The motion was granted, and the State appealed for error in granting the motion.

The jurisdiction of the Superior Court depends upon whether it may try and punish the accused under the original information upon which the bench warrant was issued. The Superior Court has jurisdiction of all criminal causes of which exclusive jurisdiction is not given to some other court; *State ex rel. Morris* v. *Bulkeley,* 61 Conn. 287, 374, 23 Atl. 186; and the attorney for the State may file an original criminal information in the Superior Court in any case within its jurisdiction. *State* v. *Keena,* 64 Conn. 212, 216, 29 Atl. 470. Justices of the peace have exclusive jurisdiction of all offenses punishable by a fine of not more than $25 or by imprisonment not more than thirty days or both. In *State* v. *Peck,* 31 Conn. 466, we held that the Superior Court had no original jurisdiction over such offenses, because the statute had given exclusive jurisdiction to justices of the peace. General Statutes, § 6542. Under the statute of 1870, perjury is punishable by "imprisonment in the county jail for a term not exceeding six months, or in the . . . State prison for a term not exceeding two years." In *State* v. *Davidson,* 40 Conn. 281, we held that original jurisdiction was not conferred by this Act upon the Superior Court, since the punishment might be one within the exclusive jurisdiction of a justice of the peace, and the only way the Superior Court could get jurisdiction was by an appeal from, or a binding over by, the inferior tribunal. We said, too, that we must regard the cases of *State* v. *Peck, supra,* and *State* v. *Pritchard,* 35 Conn. 319, 325, which considered and passed upon the prin-

ciple involved in *State* v. *Davidson,* as decisive of that case. The principle of these decisions is as applicable to all inferior courts which are given exclusive jurisdiction of offenses, as it is to the justice of the peace. *State* v. *Fox,* 83 Conn. 286, 293, 76 Atl. 302. That principle is that the criminal Superior Court has no original jurisdiction of offenses over which an inferior court is given exclusive jurisdiction.

The penalty for the offenses charged in the information against this defendant, is a fine of not more than $50 or imprisonment not more than thirty days or both. The maximum penalty which the City Court of the City of New Haven may impose is a fine of $200, or a penalty of six months' imprisonment in a county jail. The City Court of New Haven thus had exclusive jurisdiction of the offenses charged in the information, and the Superior Court has no original jurisdiction unless the exclusive jurisdiction is taken from the City Court, or concurrent jurisdiction given to the Superior Court, by statute. The State finds legislative sanction for its filing of an original information in this case in the statute first passed in 1874, which is now General Statutes, § 6599: "An original information may be filed in the Superior Court against any person accused of crime in cases in which an inferior court may at its discretion, punish him or bind him over for trial." In its first form it had a comma after "may" in next to the last line and after "punish him" in the last line. We attach no significance to the use of the comma in the early form and its omission in the last form of this statute. The legislative intent was the same at each time. The statute of 1874 overruled *State* v. *Davidson, supra,* and gave "to the Superior Court an original jurisdiction it did not before possess." "It was, in purpose," we say in *State* v. *Keena, supra,* "a law declaratory of the legislative intent, and, in effect, provided

that thereafter the Superior Court should have original jurisdiction of all crimes where an inferior court in cases brought before it may either punish or bind over the accused; and that the mere fact of the legislature removing the minimum punishment for a felony or other crime should not deprive the Superior Court of its original jurisdiction." *State* v. *Davidson* held that "an inferior court might, upon complaint for perjury, either punish or bind over the accused," and under the Act of 1870 the accused might have received the minimum punishment for this crime.

The Act of 1874 intended to change this result. It accomplished its purpose by giving to the Superior Court original jurisdiction of all crimes over which an inferior court had this discretionary power. Its purpose was not, as the State claims, to give the Superior Court jurisdiction in all cases in which an inferior court may punish an accused. If so, the Superior Court would have original jurisdiction of all crimes of every degree, including breaches of the peace, and this would run counter to the long-established policy of the State, and overrule the doctrine of *State* v. *Peck*, *State* v. *Pritchard*, and *State* v. *Keena*. The attorney for the State insists that the conferring of exclusive jurisdiction upon inferior courts brings confusion to the judicial system. That is a suggestion for the legislative branch. This has always been our method of criminal procedure and we find no evidences in the past of evils which the State fears. The State further insists that local conditions in the administration of local courts make it in times of emergency highly desirable that the Superior Court have the power by original information to take out of the hands of the local officials, the prosecution of crimes which the attorney for the State may feel are being negligently or dilatorily pressed. It is not the function of the court to act in anticipation that local

public officials will fail to do their duty; the presumption of our law is the reverse. The power of the court to compel local officials to do their duty may, in proper cases, be invoked; other remedies must be found in the power of removal, the compulsion of public opinion, and the action of the electorate or appointing power.

The Superior Court may obtain jurisdiction over criminal cases originating in the inferior court by a binding-over process, and by appeal. The policy of the State has been to commit to local courts jurisdiction over minor offenses, and not to subject the accused to prosecution upon information in the Superior Court for such offenses. When such cases reach the Superior Court, "original . . . jurisdiction is not conferred; the preliminary action of another tribunal is a necessary prerequisite to its exercise." *State* v. *Davidson, supra,* and *State* v. *Peck, supra.* General Statutes, § 6579, gives to the Superior Court jurisdiction in criminal cases of appeals from inferior courts and over all offenses not within the jurisdiction of the District Court and Court of Common Pleas, and not within the sole jurisdiction of the city, police, borough, and town courts, and justices of the peace. Cases which are within the sole jurisdiction of these inferior courts cannot be within the original jurisdiction of the Superior Court. The State's construction of § 6599 would make § 6579 meaningless.

Jurisdiction over criminal cases under our law is given to different courts. Over lesser offenses the inferior courts have sole jurisdiction. Under General Statutes, § 6555, any town, city, borough, or police court may also take final jurisdiction of any crime the punishment of which shall be a fine of not more than $1,000, or imprisonment in the State prison for not more than five years, or both, whenever upon conviction it shall determine that no greater punish-

ment ought to be imposed than that which it may impose.

The Criminal Courts of Common Pleas have appellate jurisdiction from the judgment of any town, city, borough, police court, or justice of the peace in their respective counties, and no power to impose punishment greater than that which the inferior court may impose. General Statutes, § 6568; *State* v. *Campane,* 76 Conn. 549, 551, 57 Atl. 164. In Fairfield County, in addition, the Criminal Court of Common Pleas is given concurrent jurisdiction with the Superior Court over certain offenses.

General Statutes, §§ 6599 and 6555, were both passed in 1874. They are to be read together. Nothing in § 6599 was intended to take away the original jurisdiction of the Superior Court over offenses referred to in § 6555. The Superior Court has original jurisdiction over all criminal cases over which inferior courts have not been given by statute sole jurisdiction, and in all such cases the attorney for the State may file an original information. In cases over which the inferior court has sole jurisdiction, the attorney for the State may not file an original information.

The City Court of New Haven has sole jurisdiction of the offenses charged in the information, and hence the motion to erase for want of jurisdiction was properly granted.

There is no error.

In this opinion the other judges concurred.