THE STATE OF CONNECTICUT *vs.* WILEY ELBERT.

MALTBIE, C. J., HAINES, BANKS, AVERY and ELLS, Js.

Argued June 15th—decided October 25th, 1932.

*William W. Gager,* Public Defender, for the appellant (the accused).

*Lawrence L. Lewis,* State's Attorney, with whom, on the brief, was *William B. Fitzgerald,* Assistant State's Attorney, for the appellee (the State).

MALTBIE, C. J.   The defendant was arrested under a warrant issued at the direction of the Superior Court, upon an information by the State's Attorney charging him with the crime of rape.   The information was later amended by the addition of other counts, eight charging him with the crime of burglary, one with the crime of attempt to rape, and one, the tenth, with the crime of rape.   He pleaded to the jurisdiction of the court upon the ground that at the time of the commission of the crimes alleged he was under the age of sixteen, that consequently he was within the provisions of the Juvenile Court Act, General Statutes, Chapter 95, §§ 1854-1872, and that the Superior Court was therefore without jurisdiction to hear and determine the case.   To this plea the State demurred and the trial court sustained the demurrer.   The State's Attorney thereafter elected to try the defendant upon the tenth count and at the trial the defendant again raised in various ways the question whether he was amenable to trial in the ordinary process of criminal procedure in the Superior Court, but the trial court overruled his claims, found him guilty and sentenced him to the reformatory.   The question before us is whether the Superior Court had jurisdiction to try the defendant for the crimes with which he was charged and to find him guilty and sentence him for the crime alleged in the tenth count of the amended information, in view of the provisions of the Juvenile Court Act.

The Act defines a child as any person under sixteen years of age, and then goes on to define the meaning as used in it of the words "dependent child," "uncared-for child," "neglected child," "defective child" and "delinquent child."   In the definition of the last it includes several classes, but we are concerned only with the first, a child who "violates any law of the state or local ordinance."   Juvenile Courts are established in

all cities, towns and boroughs having City, Police, Town or Borough Courts, the Juvenile Courts to be distinct from, but to be conducted by the same officials as, the other courts designated. In any town where there is no City, Police, Town or Borough Court, each justice of the peace or probate judge having jurisdiction therein has the same powers and duties in relation to any child who may be brought before him as a delinquent child or as having committed a crime or misdemeanor, as are conferred and imposed upon the officials of such courts as officers of the Juvenile Courts under the Act. "The several Juvenile Courts shall exercise exclusive original jurisdiction over all proceedings concerning uncared-for, neglected, dependent and delinquent children within the territory over which their respective jurisdictions extend, except in matters of guardianship and adoption and all other matters affecting property rights of any child over which the Probate Court has jurisdiction." The filing of petitions for action by Juvenile Courts by a parent or guardian or any one of several officials designated, including prosecuting officers, the proceedings upon such petitions, and the temporary custody and detention of the child concerned are all provided for. It is stated that nothing in the terms of the Act shall prevent the arrest of a child with or without a warrant, with certain limitations, but it is required that "whenever a child shall be brought before a judge of a City, Police, Borough or Town Court, such judge shall immediately transfer such case to the Juvenile Court having jurisdiction over it and direct that the child be forthwith delivered to such Juvenile Court or into the custody of the probation or other officer of such court. . . . Upon the arrest of any child by any officer, such officer shall immediately turn him over to the probation or other officer of the Juvenile Court, if such course be prac-

tical." The court, after hearing the case, is authorized to commit the child to any public or private institution or agency which is permitted by law to care for children or to any suitable person, or to permit him to remain at home subject to supervision by the probation officer. An appeal is allowed from any order of the court to the next criminal term of the Court of Common Pleas, or if there be no such court in the county having criminal jurisdiction, to the next criminal term of the Superior Court. The Act also contains these provisions: "No child shall be prosecuted for an offense before a Juvenile Court, nor shall the adjudication of such court that a child is delinquent in any case be deemed a conviction of crime." "The disposition of any child under the provisions of this chapter, evidence given in such cases, except evidence of crime which, if committed by a person of sufficient age, would be punishable by imprisonment in the state prison, and all orders therein, shall be inadmissible as evidence in any criminal proceedings against such child."

The Act was before this court in *Cinque* v. *Boyd,* 99 Conn. 70, 121 Atl. 678, and *Amato* v. *Erskine,* 100 Conn. 497, 123 Atl. 836. In the first of these cases we sustained its constitutionality against the attacks then made upon it and pointed out that the proceedings under it did not constitute a criminal prosecution but a civil inquiry to determine whether in a greater or less degree some child should be taken under the direct care of the State to safeguard and foster its adolescent life. In the second case we held that when an information is presented to the Superior Court and the claim is made that the defendant is under the age of sixteen, the Superior Court has jurisdiction to determine the question, and we expressly pointed out that the disposition of the appeal did not make it necessary to

determine the question whether the Juvenile Court Act made all juvenile offenders under sixteen years of age incapable of committing a crime.

In the present case the State claims that, in so far as the Act attempts to oust our criminal courts of jurisdiction over the prosecution and punishment of crime, the legislature has transgressed the bounds of its constitutional functions and invaded those of the judiciary, because it has in effect made the fact that a person is under sixteen years of age conclusive that he cannot be found guilty of crime. If it be conceded, as the defendant claims, that the effect of the Act is to make any person under that age incapable of committing crime, and thus to make, as to such a person, an exception to the broad terms of our criminal statutes, the legislature is really only exercising its unquestioned power to define the elements necessary to constitute a crime. *State* v. *Lanyon,* 83 Conn. 449, 451, 76 Atl. 1095; *State* v. *Pape,* 90 Conn. 98, 102, 96 Atl. 313. The age of one who has committed a particular act forbidden by law has always been an element necessary to make that act a crime. Thus, at common law a child under seven could not commit a crime, and while this rule is sometimes stated in the form of a conclusive presumption, in contradistinction to the rule that a child between the ages of seven and fourteen was deemed prima facie not to be capable of committing crime, it in fact established an incapacity. 2 Swift's Digest, p. 361; 4 Black. Comm. p. 23; 1 Wharton, Criminal Law ((11th Ed.) § 85. The age below which that incapacity exists has been varied in several of the States. See, for example, *Angelo* v. *People,* 96 Ill. 209; *Ford* v. *State,* 100 Ga. 63, 25 S. E. 845; *Gardiner* v. *State,* 33 Tex. 692. In our own State the legislature has specifically made the age of the defendant a necessary element in certain crimes. Thus,

a woman under the age of forty-five who is epileptic, imbecile or feeble-minded is forbidden to marry or, when she is under that age, to consent to carnal knowledge by any man who is so afflicted. General Statutes, §§ 6275, 6277. It is also made a criminal offense for any minor under the age of sixteen to use tobacco in a public place. General Statutes, § 6284. The power of the legislature to make the age of a person who violates the prohibition of a statute a necessary element in making his act a crime, so far as our research goes, has never been questioned save in one instance involving the constitutionality of a Juvenile Court Act, and there the power was upheld. *State* v. *Burnett*, 179 N. C. 735, 743, 102 S. E. 711. That the effect of Juvenile Court Acts in certain of the States was to render a child under the age designated in the Act incapable of committing crime has, however, been asserted in several decisions. *State* v. *Coble*, 181 N. C. 554, 557, 107 S. E. 132; *Ex parte Parnell*, 19 Okl. Crim. 273, 281, 200 Pac. 456; *State* v. *Malone*, 156 La. 617, 619, 100 So. 788. In the last case it is succinctly stated: "It is clear that what in an adult would be a crime, yet when done by a juvenile is a delinquency and punishable not as in the case of an adult but in a manner" provided in the Juvenile Court Act. That the legislature has power to provide that no child under the age of sixteen can be convicted of crime but shall be dealt with only under the provisions of a law such as that establishing our Juvenile Courts, we do not deem open to question.

The State claims, however, that, even though the legislature might constitutionally do this, it has not sufficiently evinced such an intent in the Act. It is perhaps fortunate that the exigencies of this case do not require us to attempt a solution of the problem so presented. The Act does not in terms state that no

child under sixteen may be prosecuted for crime; and the State points particularly to the provision in the Act already quoted, which provides that the disposition of a child under its terms, orders made in the case and evidence given in it, except evidence of crime which, if committed by a person of sufficient age, would be punishable by imprisonment in state prison, should not be admissible "in any criminal proceedings against such child," a provision not easy to explain if under no circumstances can any child under sixteen be amenable to criminal process. Moreover, there is among our criminal statutes one which expressly makes a child under sixteen liable to a fine. General Statutes, § 6284. It is difficult to attribute to the legislature an intent that every offender under the age of sixteen, though he may have committed murder, rape, robbery or other serious crime and however hardened he may be in iniquity, merely because he has not reached that age though it be but a matter of days, must necessarily be immune from criminal proceedings, to be dealt with only as are those boys or girls who have committed some slight offense or are classed in the Act as "delinquent" merely because they are growing up in idleness, ignorance or vice, or are truants from their homes and wanderers by night without any lawful purpose, or engaged in some practice or occupation prejudicial to their normal development, physically, mentally or morally. The defendant not only committed a heinous offense, at a time when he fell short of the age of sixteen by but a few weeks, but the long series of serious crimes with which he is charged at least suggests that he is thoroughly depraved and irresponsible. The thought of remitting the disposition of proceedings against such an offender to the Juvenile Court arouses a natural reluctance. That such a course would not accord with the general feeling of mankind is indicated

by the fact that in most of the Juvenile Court Acts in the various States some provision is made for the disposition of such cases, either by excepting certain of the more serious offenses or by giving to some tribunal the power to determine whether the Juvenile Court or the criminal court should take cognizance of them. Moreover, to draw an arbitrary line of distinction at the age of sixteen, without regard to the character or history of the offender or the circumstances of the offense is hardly cognizant with that individualization of punishment which has become one of the fundamentals of modern penology.

On the other hand, the legislature, at the same session at which the Act was passed and at the succeeding session, made other changes in related statutes which, carried to their logical result in the Revision of 1930, would, if any child under the age of sixteen is to be held subject to criminal prosecution, bring about a most unfortunate situation. Public Acts, 1921, Chap. 356, §§ 2, 5; Public Acts, 1923, Chap. 184, § 1. It is now provided that only Juvenile Courts have power to commit girls to Long Lane Farm or boys to the Connecticut School for Boys; General Statutes, §§ 1812, 1848; and only such courts and Courts of Probate have power to commit children to county temporary homes or other institutions. General Statutes, §§ 1876, 1886. Other statutes provide that no child under sixteen may be sent to jail, General Statutes, § 1895; that no boy under sixteen may be committed to the Connecticut Reformatory, General Statutes, § 1830; and that no girl under sixteen may be committed to the State Farm for Women. General Statutes, § 1800. It is true that in the present case, the trial court deferred sentence after conviction for a few days, during which the defendant became sixteen years of age, and then sentenced him to the Con-

necticut Reformatory; but, whatever might be said as to the correctness of that procedure in this particular case, a practice of thus deferring sentence for any more than a brief period would not be proper; and, generally speaking at least, upon conviction of a boy under sixteen in a criminal court, as the statutes now exist, he could not be committed to the reformatory. The necessary result is that, upon conviction in the criminal court of a child under sixteen, only two courses are open, either to commit him or her to a state prison or to place him or her upon probation. General Statutes, § 6518. The former course would be beyond the jurisdiction of justices of the peace and of most, if not all, of the City, Police, Town and Borough Courts, so that no justice of the peace and few, if any, of these courts now have power to punish children under sixteen by imprisonment of any kind. Even the Superior Court and Courts of Common Pleas have not that power unless the child is found guilty of a crime for which the statute provides a penalty of more than a year of imprisonment. General Statutes, § 6508. Probation, if legally possible in cases where the court has no power to imprison, necessarily lacks the sanction of punishment for its breach. Even where the court could impose a sentence of imprisonment in a state prison, it would have no discretion in the case of the conviction of one under sixteen save to fix a sentence of more than a year in such institution, if it deemed imprisonment necessary. To put the trial court in such a position as would follow if the State's position in this case is correct would be contrary to the policy of our statutes which have tended more and more to broaden the discretion of courts in determining the disposition of one found guilty of crime, a tendency which well accords with that individualization of punishment to which we have referred.

We have pointed out some of the difficulties created by the present state of our law in the thought that a solution of the problem not freighted with so many possibilities of ill may be evolved. The decision of the present case may rest upon narrow grounds. Section 1856, quoted above, provides that Juvenile Courts shall exercise "exclusive original jurisdiction" over all proceedings concerning delinquent children, save in the excepted cases. This provision is to be read in conjunction with those of § 1855, in which it is provided that, where there is no City, Police, Town or Borough Court, and therefore criminal proceedings against a child would, save in exceptional cases where original informations might be filed in the Superior Court or Courts of Common Pleas, be inagurated before some justice of the peace, he is given the same power and subjected to the same duties as are imposed upon such courts, "in relation to any child who may be brought before him . . . as having committed a crime or misdemeanor." It is also provided with reference to City, Police, Town and Borough Courts, which in cities and towns where they exist are courts of original criminal jurisdiction, that whenever a child is brought before a judge thereof, he shall immediately transfer the case to the Juvenile Court and direct the child to be delivered to that court or one of its officers; and that "upon the arrest of any child by any officer, the officer shall immediately turn him over to the probation or other officer of the Juvenile Court." It thus appears that, save in such cases as might be begun in the Superior Court or Courts of Common Pleas, all proceedings against children under sixteen who have violated any law of the State or local ordinance must, unless the terms of the Act are to be violated, be conducted, at least in the first instance, in the Juvenile Courts. Proceedings inaugurated in the Superior Court or the

Courts of Common Pleas upon information by State's Attorneys or Prosecuting Attorneys involve the exercise of "original jurisidiction" of the offenses by such courts; General Statutes, §§ 6446, 6450; *State* v. *Davidson,* 40 Conn. 281, 282; *State* v. *Keena,* 64 Conn. 212, 216, 29 Atl. 470; *State* v. *Fox,* 83 Conn. 286, 294, 76 Atl. 302; *McDonald* v. *Hugo,* 93 Conn. 360, 365, 105 Atl. 709; *State v. Carroll,* 97 Conn. 598, 600, 117 Atl. 694; and if these courts could exercise such a jurisdiction, at least before proceedings are had in the Juvenile Courts, then the latter would not have that "exclusive original jurisdiction" with which the Act purports to invest them. It necessarily follows that proceedings against any child within the class of delinquents as defined in the Act must, in the first instance at least, be taken in the Juvenile Court and until that court has acted the Superior Court can have no jurisdiction. If the Superior Court might in any event take jurisdiction of the offense charged against the defendant, a question which we do not decide, it could only do so after proceedings had first been taken against him in the Juvenile Court. The demurrer to the plea to the jurisdiction should have been overruled and that plea sustained.

There is error and the case is remanded with direction to dismiss the information against the accused.

In this opinion the other judges concurred.