## STATE
### *vs.*
## WILLARD JACKSON

Superior Court        New Haven County        File No. 7129
Criminal Session

MEMORANDUM FILED MARCH 1, 1941.

*Abraham S. Ullman,* State's Attorney, of New Haven, for the State.

*Thomas R. Robinson*, Public Defender, of New Haven, for the Defendant.

BOOTH, J. The motion as filed was directed against the proceedings then pending against the accused, which proceedings consisted of one count charging one offense. Since the filing thereof a second count has been filed by the State charging another offense. This second count is not attacked by the present motion, and consequently the only count now involved concerns the first count.

It appears that the accused was arrested, arraigned before the City Court of New Haven, and tried upon an information containing two counts, the first of which charged him with the crime of soliciting, in .violation of section 6236 of the General Statutes, Revision of 1930, and the second charging him with the crime of receiving the proceeds of prostitution, in violation of section 6239 of the General Statutes, Revision of 1930. Upon the first count the City Court found him guilty and imposed a penalty consisting of a term of 30 days in the County Jail and a fine of $50. Upon the second count the City Court found probable cause and bound the accused over to this court. He was brought before this court upon such binding over process, and not upon a bench warrant. Upon reaching this court, the State's Attorney filed an information against the accused, consisting of one count, in which he charged him with the crime of lascivious carriage. The accused now moves that the information be quashed because the offense charged is not one in which an inferior court may, of its own discretion, punish or bind over for trial, and because no order of this court was obtained directing the filing of the information, and because the proceedings against him are not founded upon a legal and sufficient information, in that no order of court was passed directing the filing of such information. It is conceded that no such order of court, as above set forth, was in fact made by this court.

The question presented is whether the information as filed by the State's Attorney is sufficient under the law. One of the claims of the accused is that this was an original information, while the State claims that it was not. In support of its claim, the State's Attorney argued that the information filed grew out of the proceedings which originated in the City Court and hence was not an original information.

While it is true that the process by which the case reached the Superior Court was an original process of the City Court, it seems clear that the information, as distinguished from the process, had its origin in this court. So far as the process is concerned, it appears that the accused was bound over from the City Court upon a charge of receiving the proceeds of prostitution. So far as the information for lascivious carriage is concerned, it did not come into being until after the case had reached the Superior Court. In the opinion of the court, the information in question was in fact an original information.

The State further claims that the Superior Court has jurisdiction of the offense charged, and argues that because thereof, the State's Attorney may, of his own motion, properly file an information charging that offense. That the court has jurisdiction of such offense must be conceded, for, in 1923, the Legislature, by amendment of the statute which is now section 6417 of the General Statutes, Revision of 1930, extended the jurisdiction of the Superior Court to all criminal offenses which previously had been exclusively within the jurisdiction of the inferior courts. *State vs. Carroll,* 97 Conn. 598, 601, 602.

The issue in the present controversy, however, is not that of the jurisdiction of the Superior Court, but is that concerning the powers of the State's Attorney. The precise, practical question is whether a State's Attorney may, of his own motion, file an original information in this court, charging the offense of lascivious carriage. While it is true, as claimed by the State, that section 6530 of the General Statutes, Revision of 1930, provides that additional counts for different offenses may be added at any stage of the proceedings, this section creates no power in the State's Attorney to file an original information. The common-law power of the State's Attorney to present an information is now controlled by statute. The only statute which authorizes a State's Attorney to issue an original information is section 6446 of the General Statutes, Revision of 1930, which section reads as follows: "An original information may be filed in the superior court against any person accused of crime in any case in which an inferior court may, at its discretion, punish him or bind him over for trial, and in any other case upon the order of the superior court."

This section obviously creates the power to file an original

information in the Superior Court against any person accused of crime "in any case in which an inferior court may, at its discretion, punish him or bind him over for trial." As to such type of cases, the State's Attorney has unrestricted authority to file an original information. The statute, however, does not authorize the filing of an original information in any other type of case except upon order of the Superior Court. That the offense charged in the information in question is not such a one as the City Court of New Haven might at its discretion punish or bind over the accused to this court, must be concluded. It is a charge of lascivious carriage, which is alleged to have been committed in New Haven. The maximum penalty for the offense of lascivious carriage is a fine of 100 dollars, plus imprisonment for not more than six months (Gen. Stat. [1930] §6231). Minor courts, such as the City Court of New Haven, have final jurisdiction, subject only to appeal, of all crimes and misdemeanors wherein the penalty provided shall not exceed a fine of $500 or imprisonment for one year, or both (Sup. [1939] §1361e).

It is obvious, then, that the City Court of New Haven has no authority to bind over a case involving a charge of lascivious carriage, and consequently has no discretion in the matter. It therefore follows that an information charging such an offense is not the type of offense for which an original information may be filed in the Superior Court without first obtaining an order of the court so to do. If it desired to present such a type of case to this court, the only method by which it may properly be accomplished is by a bench warrant or by an information issued upon a court order. As neither of these methods was followed in the present case, the information as filed is illegal.

In view of the foregoing the motion to quash the first count is hereby granted.