STATE OF CONNECTICUT *v.* ELLSWORTH BELL

SUPERIOR COURT          NEW LONDON COUNTY          FILE No. 6332

STATE OF CONNECTICUT *v.* JOHN GORRA

SUPERIOR COURT          NEW LONDON COUNTY          FILE No. 6333

STATE OF CONNECTICUT *v.* JOSEPH GORRA

SUPERIOR COURT          NEW LONDON COUNTY          FILE No. 6334

Memorandum filed April 1, 1959

*Allyn L. Brown, Jr.,* state's attorney, for the state.

*Morgan K. McGuire,* of New London, for the defendants.

TROLAND, J. The above motions to dismiss are made by virtue of § 54-56 of the 1958 Revision and invoke the power of the court to dismiss the information pending against the accused "if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial."

The accused were on March 6, 1959, arrested by authority of bench warrants issued by this court on the application of the state's attorney and upon his representation to the court that it was in the interest of the state and proper law enforcement to do so. Upon their arrest, the accused furnished bonds for their future appearance in this court. They have appeared by counsel, who has entered a general appearance.

The pending motions do not challenge the jurisdiction of this court. No plea in abatement has been filed. No evidence has been heard by this court. The motions have been argued on the apparent or implied assumption that the facts set out therein are true. The gravamen of the complaint of the accused is that their cases were already pending in the Police Court of New London for the same offense,

at the time of their arrest on the bench warrants of the Superior Court.

The accused John Gorra and Joseph Gorra are charged with illegally betting on a horse race, and the accused Ellsworth Bell is charged with policy playing. These offenses are misdemeanors, the maximum penalty for policy playing being a $100 fine and six months' imprisonment, and the maximum penalty for betting on a horse race being a fine of $50. The Police Court of the city of New London has jurisdiction of such offenses. Rev. 1958, § 54-6. Since June, 1923, at least, the Superior Court also has jurisdiction of such offenses. Public Acts, 1923, c. 225; Rev. 1958, § 54-17.

In the case of *State* v. *Carroll,* 97 Conn. 598, 603, decided in July, 1922, our Supreme Court of Errors stated: "The policy of the State has been to commit to local courts jurisdiction over minor offenses, and not to subject the accused to prosecution upon information in the Superior Court for such offenses." The state's attorney who presented the above case urged a different construction as to the law at that time, insisting that the conferring of exclusive jurisdiction upon inferior courts brings confusion to the judicial system. The Supreme Court stated (p. 602) in response to this claim, "That is a suggestion for the legislative branch." It is significant therefore that at the next session of the General Assembly an amendment to § 6579 of the Revision of 1918 was passed and approved June 1, 1923, providing: "The Superior Court shall also have concurrent jurisdiction of any offense which is within the jurisdiction of said district court or of any criminal court of common pleas or of any city, police, borough or town court, or of a justice of the peace." Public Acts 1923, c. 225. This policy or authority has been continued through the various revisions of the General Statutes to this date and

now appears in § 54-17 of the 1958 Revision, referred to above, as follows: "The superior court shall also have concurrent jurisdiction of any offense which is within the jurisdiction of the court of common pleas or of any municipal court or of a trial justice." The Superior Court therefore has jurisdiction of the offenses and of the parties. *State* v. *Annunziato*, 145 Conn. 124, 129.

The cases are here because of action instituted by the state's attorney. The powers and duties of the state's attorney have never been defined by statute law. They are the necessary incidents of the office, by force of the common law of this state. They include the duty to conduct all criminal prosecutions in the Superior Court and the power to institute and carry on in every court having criminal jurisdiction (unless restrained by some statute) any criminal prosecution within the jurisdiction of the court, and also the power and duty to exercise the common-law powers appertaining to the office of attorney general, so far as applicable to our system of jurisprudence. At common law this power included the right and duty to prosecute and implead in the law all criminal offenders, and to do all things necessary or convenient as an attorney to suppress vice and immorality. *State* v. *Keena,* 64 Conn. 212, 214.

The questions raised on these motions have rarely been raised. They have been ably and earnestly presented and warrant a carefully considered answer. In order further to discuss and dispose of these motions, the court is assuming that the facts stated therein are true and that other facts known to the court by its participation in the proceedings can be judicially noticed.

The arrest of the accused occurred in the course of a project designed to diminish gambling in the New London area of New London County. This proj-

ect was the work of a specially assigned task force of state police, co-operating with local police under the direction of the state's attorney. After considerable quiet investigation, the state's attorney felt warranted in asking this court to issue certain search warrants, and on March 5, 1959, such warrants were issued and used. In the course of the searches authorized, information was obtained which caused the police officers concerned to arrest without warrant several persons, including these accused. The accused were promptly and properly brought to the New London police station for further procedures. All furnished bail to appear the following day, March 6. It does not appear that any written complaint was filed in New London Police Court. The cases were continued on the same bond to the next day, March 7. On the morning of March 7, the state's attorney applied to this court for bench warrants for those persons who had been arrested without warrant during the searches conducted under his direction, stating that it was in the public interest that they issue so that the whole matter could be disposed of in Superior Court. Accordingly, the warrants were issued and the accused were arrested and brought before the clerk of this court and have given bail as provided by statute to assure their presence in this court at an appointed day.

There is a well-established rule that where several courts have concurrent jurisdiction of the same offense, or equal or nearly equal power and authority over a case or class of cases, the court which first acquires jurisdiction of the prosecution generally retains it to the exclusion of the others. However, the principle that, when jurisdiction of a court has attached, it must be respected as exclusive until exhausted is a rule of comity having a wide application in civil cases but a limited one in criminal cases.

*Peckham* v. *Henkel,* 216 U.S. 483, 486, 14 Am. Jur. 440, § 246. A defendant has no right to his trial in any particular court.

The accused have not been arraigned and put to plea in the Police Court of New London. It does not appear that any signed complaint against them has been filed by the prosecuting attorneys in said court, or by the state's attorney, as he has the right to do, in said court. No action taken in Superior Court has deprived the defendants of due process of law.

On the basis of the above, it appears that (1) The Superior Court has jurisdiction of the offenses charged. Rev. 1958, § 54-17. (2) The state's attorney has the power to file an original information in Superior Court. § 54-42. (3) The Superior Court has the power to issue the bench warrants. § 54-43.

As a practical matter, minor cases like these should ordinarily be handled in the municipal courts and thus free the Superior Court to try the more serious crimes. However, under the circumstances under which these prosecutions have arisen, it will be proper for the Police Court of New London, as the inferior court, to yield action under its concurrent jurisdiction to the Superior Court. This court cannot find that the state's attorney has abused his powers or discretion in electing to proceed with his entire present drive against gambling by prosecutions in the Superior Court.

The motions to dismiss, which call for action in the discretion of the court, are denied.