SARAH WALTERS *v.* EDWARD PLATT,
HIGH SHERIFF, ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 98758

Memorandum filed March 6, 1956 [1]

*Ganim & Ganim,* of Bridgeport, for the plaintiff.

*Lorin W. Willis,* state's attorney, for the defendants.

PASTORE, J. In response to a writ of habeas corpus issued by this court against the high sheriff, his chief deputy and the coroner of the county of Fairfield, the prisoner, Wallace Mack Walters, was produced in this court on February 21, 1956. The return of the defendants sets forth in part that Walters was held in custody by virtue of a mittimus

---

[1] Publication of this decision was determined upon after an appeal to the Supreme Court of Errors was withdrawn.

issued by the Superior Court for the county of Fairfield on February 20, 1956, following an arrest of said Walters upon a bench warrant issued by said Superior Court on that date, which averment was admitted by the plaintiff, acting in behalf of said prisoner. The return also stated that Walters had been arrested and held under a coroner's warrant which had been withdrawn on February 20, 1956, when Walters was arrested upon the bench warrant aforesaid, of which matter plaintiff pleaded she had no knowledge, leaving the defendants to their proof. The bench warrant with attached information and the mittimus were in evidence at the hearing. The prisoner will hereinafter be referred to as the plaintiff.

The gist of the plaintiff's claim is that the instant bench warrant is void because it was issued before an indictment by a grand jury was found, that the mittimus upon which it was based is consequently invalid and thus that his detention is illegal. Plaintiff concedes that a bench warrant in a capital case may be issued by the Superior Court under § 54-43 of the General Statutes after a grand jury indictment.

It is not disputed that at the time the bench warrant was issued, no grand jury had yet been summoned, nor any grand jury hearing held, nor any indictment for murder found against the plaintiff. A coroner's hearing begun February 11 was completed February 20, 1956, the date upon which the bench warrant was issued; the state's attorney's information connected with it accused the plaintiff of murder in the first degree.

It is not disputed that unless the bench warrant is valid the mittimus would be void. The bench warrant having been issued under authority of § 54-43 of the General Statutes, the principal ques-

tion is whether under its provisions a bench warrant may be issued for the apprehension of a person in a capital case before a grand jury indictment is found against him upon such a crime.

An examination of the question requires a recognition of the difference between an arrest and an arraignment. "An arrest in criminal cases is the apprehending, or detaining the person in order to be forthcoming to answer an alleged or suspected crime." 2 Swift, Digest, p. 387; see *Ryan* v. *Ebecke,* 102 Conn. 12, 18; 6 C.J.S. 570, § 1; 4 Am. Jur. 7, § 4, n.13. "Arraignment is calling the prisoner to the bar of the court to answer to the matter charged in the indictment or information." 2 Swift, Digest, p. 396. It includes putting the person to plea to learn whether he pleads guilty or not guilty. Ibid.; *Crain* v. *United States,* 162 U.S. 625, 637; *United States* v. *McKnight,* 112 F. 982, 983.

It appears to this court that legislative sanction for the issuance of the bench warrant in the present case is found in § 54-43 of the General Statutes, notwithstanding no previous indictment had occurred. The express language of its first sentence permits a bench warrant to issue for the arrest of the person complained against: "Upon the representation of any state's attorney that he has reasonable ground to believe that a crime has been committed within his jurisdiction . . . ." It expressly precludes the fixing of a bond for appearance in a capital case and does not prohibit the issuance of such a bench warrant before any indictment. The express language of its second sentence provides for the bringing forthwith of the prisoner arrested upon such bench warrant before the clerk in order that "if the offense charged in such bench warrant and information is not bailable, such clerk . . . shall issue a mittimus committing such person to the jail . . . until he is discharged by due course of

law." This language appears sufficiently comprehensive to cover the instant matter.

It seems to the court, however, that the history of this section lends further support to this interpretation of it and to its applicability in a capital case for the issuance of the bench warrant before an indictment of the grand jury. Of the two sentences comprising § 54-43, the first had its origin in 1947 and the second in 1907. A principal purpose of the enactment of the first sentence was to permit the issuance of a bench warrant in a capital case before an indictment was found.

Before 1907, the issuance of bench warrants for the arrest of an accused in noncapital cases based upon informations of the state's attorney and in capital cases after grand jury indictment was part of the established practice of our criminal procedure. "The attornies for the state may . . . make information for crimes: but they usually exhibit informations to the superior . . . court, for crimes cognizable by them: and in such cases, and also when an indictment is found by the grand jury against a person who has not been apprehended, it is the duty of the courts to order the clerks to issue warrants to apprehend the persons so informed against, or indicted." 2 Swift, Digest, p. 387; see *State* v. *Fox,* 83 Conn. 286, 294; *State* v. *Keena,* 64 Conn. 212, 216; *State* v. *Carroll,* 97 Conn. 598, 604.

Chapter 231, Public Acts 1907, dealing with prosecutions based upon information of a state's attorney and with capital cases after indictment, provided how bail should be taken for persons under bench warrant arrest of the Superior Court. Rev. 1918, § 6613. Apparently its purpose was to provide for the procedure of admitting a person to bail or, if the offense was not bailable, of committing him to jail between the time of the arrest and the

detention in jail to await trial. This intent of the legislature gains emphasis when considered in view of the existence then of § 1489 of the Revision of 1902, providing for "Bail when and how taken" as to a person "detained in jail for trial for an offense not punishable with death." So far as pertinent to the instant case, the provisions of the 1907 enactment continued without material change until 1947, when § 1439i of the 1947 Cumulative Supplement added what is now the first sentence of § 54-43. The title of § 1439i, "Procedure on issuance of bench warrants," was shortened to "Bench warrant" as appears in § 54-43. Since the issuance of bench warrants based on informations in noncapital cases, and after indictment in capital cases, already had been an established procedure, the addition of the first sentence of § 54-43 in 1947 would have had little if any significance except to authorize arrests in capital cases on Superior Court bench warrants before a grand jury indictment.

That the legislature would intend such power to be vested in the Superior Court may not be considered extraordinary. It has been said that the office of state's attorney, held as a public trust by persons considered of highest integrity and ability appointed by the judges of the Superior Court, has subserved the public interest sufficiently well to have allowed for over three centuries the prosecution of noncapital crimes, including of course the serious felonies comprehended, upon information of the state's attorney without interference by the legislature, notwithstanding it could have required indictments as a basis of prosecuting offenses other than of a capital nature. *Kennedy* v. *Walker*, 135 Conn. 262, 270. The opportunity which the Superior Court, or a judge thereof, acting under § 54-43, has of examining the reasonable grounds represented by the state's attorney to the court as a basis for a bench

warrant in a capital case before indictment is no less than in, nor different from, the case of an accused apprehended upon the information made to a municipal court by its prosecutor, or in the similar case of the grand juror's complaint to the justice of the peace, as to which procedure plaintiff does not question the legality of the arrest in a capital case before indictment has taken place, and which he claims should have been the procedure taken here. The hearing before such a municipal court is nothing more than an "inquest" made to determine the existence of probable cause and to discharge the accused if none exists or, if it does, to bind him over to the Superior Court because of the lack of jurisdiction of a capital crime in such lower court. *State v. Fox,* 83 Conn. 286, 295. Where the arrest has been predicated upon the bench warrant, as in the instant case, it is the duty of the court to order a grand jury (§ 54-45; *State v. Chin Lung,* 106 Conn. 701, 719), which procedure has the merits of a speedier presentation of an accused for grand jury action. The power of the Superior Court to issue the bench warrant before indictment in a capital case is not dissimilar to the power invested by statute in the coroner to arrest and commit to jail any person whom he has "good reason to suspect" of having caused a criminal death and as to whom he is conducting an inquest (General Statutes § 6-70); nor to the power vested in a police officer to "arrest, without previous complaint and warrant, any person who such officer has reasonable grounds to believe has committed or is committing a felony" and whom he is required to present with reasonable promptness before proper authority. General Statutes § 6-49. Neither is there an indictment previous to such arrests. In *State v. Buteau,* 136 Conn. 113, 122, it was stated: "Neither the constitution of the United States nor the constitution of Connecticut re-

quires that one arrested for crime shall be promptly taken before a committing magistrate; all they provide is that he shall have the right to 'a speedy and public trial.' "

The "information" referred to in § 54-43 serves the function of justifying the warrant of arrest being issued; it does not thereby become the basis of the charges upon which the accused is to be arraigned and tried, which occurs as to noncapital crimes by virtue of § 54-46, and as to capital crimes by virtue of § 54-45 and article first, § 9, of the constitution of Connecticut. The former statute deals with the "prosecution" of the crime; the latter with the accused being "put to plea or held to trial," which are attributes of arraignment and trial as distinguished from apprehension and detention of an accused. The procedure under § 54-43 serves merely to provide one mode of commencing a criminal prosecution, the information to the court and the court's warrant of arrest constituting the process of apprehension. In noncapital cases, the information part of the arrest process becomes the basis of the arraignment, that is to say becomes the formal statement of the criminal charges to which the accused is put to plea and tried in court, under § 54-46, because the latter statute adopts the statement presented to the court for requesting the apprehension as the basis of the arraignment, whereas in capital cases the basis of the arraignment results from § 54-45 and the constitutional provision mentioned requiring grand jury indictment. It seems to the court that the question plaintiff asks as to what happens to the information charging murder in the first degree filed by the state's attorney in the present case, should the grand jury fail to indict the accused, arises only because of the plaintiff's fallacious premise that the information upon which the bench warrant was issued constitutes the basis of his ar-

raignment, whereas its function is nothing more than to serve as the basis of the arrest. The court must conclude that § 54-43 permits the issuance of a bench warrant for an arrest in a capital case before a grand jury indictment has been found.

The remaining question posed by plaintiff relates to that part of the bench warrant which, after having commanded the apprehension of plaintiff, orders the arresting officer to "have [him] before the said Criminal Superior Court . . . then and there to answer to the foregoing information by the State's Attorney, and abide the judgment of said Court thereon." This order, interpreted as previously set forth, particularly with relation to the meaning and purpose of the word "information" therein, presents no problem, as it conforms with the language and intent of § 54-43 and is consistent with the arraignment of plaintiff upon the basis of a grand jury indictment. The mittimus similarly orders the detention of the accused "until he shall comply with said order" set forth in the warrant, or be otherwise discharged by due course of law.

In essence, the plaintiff may be apprehended but not tried upon the information annexed to the warrant in the instant case.

The conclusion of the court is that the bench warrant, with annexed information and mittimus based thereon, has been lawfully issued and is valid, and that the apprehension and detention of plaintiff thereunder are legal.

Accordingly, judgment is rendered for the defendants.