STATE OF CONNECTICUT *v.* HOWARD WILSON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 15-158

STATE OF CONNECTICUT *v.* CHESTER T. AVIS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 15-159

Argued May 5—decided June 2, 1961

*Howard I. Gross,* of Hartford, for the appellant (defendant Wilson).

*Alexander A. Goldfarb,* of Hartford, for the appellant (defendant Avis).

*Stanley J. Traceski, Jr.,* assistant prosecuting attorney, for the appellee (state).

DALY, J. These cases are being considered together because they involve identical issues. Each defendant is engaged in the business of servicing television sets. Each defendant has been charged with obtaining money by false pretenses in violation of General Statutes § 53-360, and specifically with charging and receiving payment for television repairs not actually performed or needed.

The defendants were arraigned before the Circuit Court in the fifteenth circuit, sitting in New Britain. After separate hearings, the trial court found probable cause in each case and bound each defendant over to the Superior Court in Hartford County. The defendants filed a timely appeal to this court, and the state has moved to have the

appeal dismissed in each case, on the ground that no appeal may be taken from an order binding a defendant over to the Superior Court. The question thus presented is: Is there a right to appeal from such an order?

The right of appeal is entirely statutory. *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 372. Hence, this appeal is governed by General Statutes § 51-265, which sets forth the appellate jurisdiction of the Circuit Court as follows: "Appeals from any final judgment or action of the circuit court, except small claims matters, which are not appealable, shall be taken to an appellate session of such court within fourteen days after the entry of judgment or of the findings of fact and conclusions of law, whichever is later, and shall be by way of review of errors of law. . . ." In construing this statute, we first hold that the word "final" applies not only to "judgment" but also to "action," in the phrase "any final judgment or action." In so holding, we follow *Waterbury Blank Book Mfg. Co.* v. *Hurlburt,* 73 Conn. 715, 717, wherein an appeals statute read in part "from all final judgments or decrees," and the court held that "the judgment or decree in such proceeding must be 'final.'" The fundamental issue, therefore, is whether a finding of probable cause, with subsequent bind-over, constitutes a "final judgment" or "final action" of the Circuit Court.

To resolve this issue, we must first inquire into the legal significance of a hearing in probable cause. Our Supreme Court of Errors has considered the nature of hearings in probable cause on several occasions. For example, in *Waldo* v. *Spencer,* 4 Conn. 71, 78, the court stated, *"Waldo* [the accused] was not *on trial;* and whether he was guilty or not, was no point on which the exercise of the justice's jurisdiction depended. It was merely his duty to

make sufficient enquiry, and ascertain whether there was probable cause for remitting him to trial before a court which had cognizance of the offence, and could judge efficaciously." In *State* v. *Fox,* 83 Conn. 286, 295, the court said: "When cases within the sole original cognizance of the Superior Court are brought before an inferior court, its powers are limited . . . to inquiring into the facts, and, if it find probable cause to exist, to binding the accused over to the Superior Court for trial, and, if it does not find probable cause, to discharging him. The proceeding is a mere inquest. It is not a trial. The discharge is not an acquittal. Upon the discovery of new evidence, the accused may be again presented before the same court for another inquiry, or may be brought directly before the Superior Court upon an original information to answer to the same charge. The discharge upon the former hearing cannot be pleaded in bar of such subsequent prosecution." In *State* v. *Pritchard,* 35 Conn. 319, 327, the court thus characterized a finding of probable cause: "The judgment is not final. The prisoner cannot be sentenced upon it, nor can it in any way be used against him on the trial before the Superior Court. It has no legal force or efficiency beyond holding the prisoner to appear before the Superior Court, and enabling that court to entertain jurisdiction of the cause. The whole proceeding is a preliminary one . . . ."

From these authorities, the conclusion follows that, in making a finding of probable cause, the court decides only that there is some evidence to support the allegations of the information. When, following a finding of probable cause, the court binds the accused over, the court is merely transferring the accused to the jurisdiction of the Superior Court. Thus, the result of the probable cause finding and the bind-over is to defer the disposition of the case until it can be presented in due course in the

Superior Court. An order of the court having that result is not "final" in the sense that appeal statutes use the word "final." *Gores* v. *Rosenthal,* 148 Conn. 218, 221.

Section 51-265 differs from the section concerning appeals to the Supreme Court of Errors (§ 52-263) in that § 51-265 uses the phrase "final judgment or action," whereas § 52-263 uses only the phrase "final judgment." The General Assembly undoubtedly used the words "final judgment or action" to establish that, in the Circuit Court, the right to appeal extends (a) to orders and rulings that, technically, are judgments, and (b) to orders and rulings that have the force and effect of a judgment even though they are not, technically, judgments. Although orders or rulings of the latter type have been classified as "final judgments" for the purpose of determining whether an appeal lies from them to the Supreme Court of Errors (Maltbie, Conn. App. Proc. § 14), the use of the additional word "action" makes it clear beyond challenge that Circuit Court "final" orders and rulings are subject to appeal even if they fall outside the conventional scope of the word "judgment."

Because the trial court's order binding over these defendants is not "final," it is immaterial whether we classify the order as a "judgment" of the Circuit Court or as "action" of the Circuit Court. The order is neither a "final judgment" nor a "final action." It follows, therefore, that no appeal lies from the order binding over the accused. "Where there is no judgment or ruling from which an appeal can be taken, the attempted appeal must be dismissed, either on motion of the parties or by the court on its own motion." *Marcil* v. *Merriman & Sons,* 115 Conn. 678, 682.

The appeal is dismissed.

In this opinion CIANO and CASALE, Js., concurred.