Samuel B. **HEADEN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17154.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 21, 1963.

Decided March 14, 1963.

Petition for Rehearing Denied April 19, 1963.

Mr. Donald E. Van Koughnet, Washington, D. C. (appointed by this court), for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, BASTIAN and WRIGHT, Circuit Judges.

DANAHER, Circuit Judge.

A jury found appellant guilty of housebreaking and larceny. Sentenced to serve concurrent terms of two to six years on each count, appellant now claims the District Court erred in denying his motion to dismiss the indictment on the ground he was not afforded an opportunity to consult counsel prior to a preliminary hearing before the United States Commissioner. Additionally he argues there was lack of specificity in the

146

Government's references to the exact subject matter of an exhibit and to certain rings, all of which, as testified, had been stolen.

Responding after a burglar alarm had been set off in a jewelry shop owned by one Kaufman, two Metropolitan Police officers drove to the rear of the premises. There they saw the appellant and warned him to stand where he was. He dropped a small box and broke into a run, climbed a fence and attempted to conceal himself. Pursued and rediscovered by the officers, appellant again took flight and was observed as he discarded various objects. After overtaking the appellant, the officers went back over the pursuit route and recovered certain jewelry and two jewelry boxes. Among the items were twelve Masonic rings and six "regular stone rings," all of which were identified by Kaufman in the presence of the appellant,[1] after which they were turned over to the police property clerk.

Although the records of the Commissioner clearly recite that appellant was informed of the complaint, of his right to have a preliminary hearing and to retain counsel, appellant later asked his court-appointed trial counsel to move to dismiss the indictment on the ground that appellant had not been afforded an opportunity to consult counsel prior to the preliminary hearing. He claimed he had not known he could ask for a continuance and that no counsel had then been appointed for him although he had requested one. This pre-indictment "defect" resulted in disadvantage to him, he claims, in that it was possible the Government presented his testimony to the grand jury. Thus he was prejudiced, he argues, when in telling his "side of the story," he attempted to offer a personal reason for his presence at the scene and to explain that he fled because he had just come out of Lorton Reformatory. He so testified before the Commissioner even though as his supporting affidavit shows, the Commissioner twice told him he could "sit silent" and that what he said could be used against him. At the trial, the Government did not put in evidence against the appellant any of the statements he made before the Commissioner. After a pretrial hearing, the court denied his motion to dismiss, which, renewed at trial, was again denied.

■ The appellant was not prejudiced. First, on the facts, the appellant clearly was identified by the two pursuing officers as the participant in the events we have described. Second, no matter what he had said before the Commissioner, such testimony was not offered or used against him at the trial. Moreover, even if without counsel he had actually admitted his guilt[2] before the Commissioner, he would have been permitted to withdraw the plea, and it could not have been used against him.[3] Here represented by counsel, he went to trial on his plea of not guilty. There was no error.[4]

■ As to appellant's contention that there had been insufficient identification of "Exhibit Three," the record shows it was a "gold colored box." It was retrieved by the officer next to a small blue box, Exhibit One, which contained a white metal necklace from Kaufman's shop. The officer had seen the appellant drop the item when he first observed the appellant at the rear of the premises. The officer picked up a pendant or lavalier. Kaufman testified it belonged in the gold box, Exhibit Three. The eighteen rings, though fully described and evaluated at $700 by Kaufman,

1. Headen then told Kaufman he had been delivering printing to Kaufman's shop.

2. Of course, Fed.R.Crim.P. 5(c) provides that a defendant shall not be required to plead at a preliminary examination.

3. Wood v. United States, 75 U.S.App.D.C. 274, 285, 128 F.2d 265, 276, 141 A.L.R. 1318 (1942); cf. Council v. Clemmer, 85 U.S.App.D.C. 74, 177 F.2d 22, cert. denied, 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540 (1949).

4. Lawn v. United States, 355 U.S. 339, 350, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); Coppedge v. United States, 114 U.S.App. D.C. 79, 311 F.2d 128 (1962).

 

had been returned to him for use in his business. A pocket knife, identified by the appellant as his own, was also picked up. We are satisfied that the trial judge did not err in permitting the jury to consider as evidence all such articles and the testimony concerning them, for they were adequately and sufficiently linked to the appellant in the circumstances we have described.

On the whole record we find no error affecting substantial rights either in the denial of appellant's motion for acquittal at the close of all the evidence, or otherwise.

Affirmed.