**UNITED STATES ex rel. Alfred W. KOHLFUSS**

v.

**Frederick G. REINCKE, Warden, Connecticut State Prison.**

**No. 10557.**

United States District Court
D. Connecticut.

Oct. 9, 1964.

On Motion for Release from Custody

Jan. 15, 1965.

Thomas F. Parker, Gross, Hyde & Williams, Hartford, Conn., for petitioner.

Otto J. Saur, State's Atty., Fairfield County, Joseph T. Gormley, Jr., Asst. State's Atty., Fairfield County, Bridgeport, Conn., for respondent.

CLARIE, District Judge.

The petitioner is an inmate of the Connecticut State Prison, at Somers, Connecticut. He filed this petition for habeas corpus pursuant to 28 U.S.C.A. § 2254. The Court authorized him to proceed in forma pauperis as an indigent; counsel was appointed to represent him and thereafter on July 28, 1964, a hearing was held on the merits.

At the time of his original presentment for plea and subsequent sentence in the state court, the petitioner was an indigent and was represented by the public defender for Fairfield County. He was charged with the crime of robbery with violence, Conn.Gen.Stat. (Rev.1958) § 53–14, and entered a plea of guilty on November 15, 1960.[1] It was the sentence of the Court, that he serve a term of not less than two nor more than seven years in prison. His accomplice in the offense was sentenced to a term of not less than one nor more than five years. The fate of his companion, together with other circumstances related to the commission of the crime itself, caused him to believe that his sentence was excessive. He applied to the Review Division of the

---

1. "Any person who \* \* \* commits robbery, and in perpetration thereof \* \* \* is so armed as clearly to indicate violent intent, shall be imprisoned not more than twenty-five years." Conn.Gen.Stat. (Rev. 1958) § 53–14.

Connecticut Superior Court, requesting that it review his sentence pursuant to Conn.Gen.Stat. (Rev.1958) § 51–195.[2] He was granted a hearing at which he was not represented by counsel, while at this same hearing the government's position was presented by the prosecutor in the state court, the state's attorney.

As a result of this proceeding, his minimum sentence was increased to not less than three nor more than seven years. 22 Conn.Supp. 278, 169 A.2d 659 (Rev. Div.Super.Ct.1962). After having been thus resentenced, in the State Superior Court, without benefit of counsel, the petitioner applied to that same Court for a writ of habeas corpus, claiming that his constitutional rights had been violated because he had been placed in double jeopardy and had been denied due process of law. The writ was denied and on appeal to the State Supreme Court of Errors the decision was affirmed. 149 Conn. 692, 183 A.2d 626 (1962).

The petitioner was paroled on January 18, 1963, after having served his minimum time on the three to seven year sentence. On April 25, 1963, while out on parole, he was arrested on a charge of breaking and entering and convicted. He was immediately presented as a second offender and sentenced to serve from one to eight years. This sentence was to commence after he had served the remainder of his sentence as a parole violator. He is now serving the remainder of the three to seven year term.

Subsequently, a new petition for habeas corpus was filed by the petitioner in the States Superior Court. The matter was heard on June 11, 1964 and was summarily denied without benefit of memorandum. Petitioner alleges that the presiding judge orally stated that the denial of the writ was based upon the fact that the Court considered the question to be moot. A certificate of probable cause, permitting an appeal to the State Supreme Court of Errors was denied.

■ The thrust of petitioner's present claim is twofold: First, he contends that the action of the Review Division in ordering an increase of his sentence constituted double jeopardy and was a violation of his Federal Constitutional rights under the Fifth Amendment. This claim is summarily denied because the identical legal and factual issues have been previously litigated and passed upon by this Court.[3] Secondly, he claims the state failed to provide counsel for him, when he required legal advice as to whether or not he should petition for a review of his original sentence, as well as at the hearing before the Review Board, and the subsequent resentencing.

There is no question but that the Sentence Review Board had the statutory authority to reduce his sentence, even to the extent of suspending it altogether and placing him on probation. In the alternative, the Board could have affirmed the Court's original sentence or increased it to the maximum provided by law, in this instance twenty-five (25) years.

It is the State's position that it fulfilled its legal obligations to this convicted defendant, when it provided him with counsel before and at the time he was put to plea, also when he was first sentenced. The fact that he thereafter initiated further proceedings of his own choosing, by filing an application for a review of his sentence was an elective act on his part. He did this with full knowledge that his sentence might be increased or decreased. The state claims that it was under no further legal obligation to provide counsel to this defendant

2. "Any person sentenced to a term of one year or more in the State Prison or State Prison for Women by any court of competent jurisdiction may, within thirty days from the date such sentence was imposed, except in any case in which a different sentence could not have been imposed, file with the clerk of the superior court for the county in which the judgment was rendered an application for review of the sentence by the review division." Conn.Gen.Stat. (Rev.1958) § 51–195.

3. See Memorandum of Decision dated April 6, 1964.

before the Review Division of the Court, any more than it might be expected to provide counsel to a prisoner applicant before the Pardons Board or Parole Board. It contends that the Review Board hearings are neither an adversary proceeding nor an appeal and therefore constitutional guarantees do not apply.

The petitioner, on the other hand, claims that the criminal procedures followed were basically illegal, because he was denied the right to counsel as an indigent. He contends that the proceeding was in fact a material and integral part of the criminal sentencing procedure and that his rights were prejudiced by the state's failing to provide him with counsel.

■ It has now been firmly established that where we are concerned with the one and only appeal which an indigent criminal has of right, in both the state and federal courts, the law requires that the defendant be represented by counsel at all stages of the proceedings. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

In the present case, a basic question to be resolved is whether the Connecticut Legislature, when it approved the law establishing the Sentence Review Division, created a right of limited appeal to try the issue of the appropriateness of punishment imposed by the sentencing judge. If it did, then it established a statutory appeal procedure which required that in-

digent convicted defendants should be afforded the benefit of counsel. The denial of such a right would not provide an accused due process of law under the Fourteenth Amendment.

The First Interim Report of the Connecticut Prison Study Committee (Dec. 3, 1956), which preceded the adoption of the system, reveals the purpose and philosophy of the legislation.[4] It indicates that three distinct procedures were considered before deciding upon the one recommended. The first was the "Adult Authority Board", which determined the length of time to be served by a convicted criminal after the court had prescribed the maximum term. The second was a limited appeal to the Supreme Court of Errors restricted solely to a consideration of the appropriateness of the sentence; and the third was the one finally adopted, a Review Division of three Trial Court Judges. The wide variance and inequality in the sentences imposed by different judges for the same crime, a circumstance attributed to the personal bias and prejudice of individual judges, had created conditions of seeming injustice which encouraged unrest and tension among inmates at the prison. It was this pressing problem which the Committee originally sought to eliminate.[5]

The law as first adopted did not permit increases in sentence. Conn. Pub. Laws, Jan. Sess. 1957, P.A. 436, § 2.[6] However, the act was subsequently amended to give the Division that power. Conn. Pub. Laws, Sept. Spec. Sess. 1957, P.A. 14, § 2. Conn.Gen.Stat. (1958) § 51–196.[7] It is the latter statute with

---

4. First Interim Report of the Governor's Prison Study Committee, November 19, 1956; Letter of Transmittal to Governor, December 3, 1956, State Library, Hartford, Legislative Reference. 365.3, C–76.

5. 69 Yale L.J. 1453 (1960).

6. "Any person aggrieved by a sentence to a term of one year or more * * * may, within thirty days * * * file * * * an application for review of the sentence * * *. Upon imposition of the sentence, the clerk shall give written notice

to the person sentenced of his right to make such a request. Such notice shall include statements that review of the sentence may result in suspension of sentence, probation or decrease of the minimum or maximum term within the limits fixed by law." Conn.Pub.Laws, Jan. Sess. 1957, P.A. 436, § 2.

7. "Any person sentenced to a term of one year or more * * * may, within thirty days * * * file * * * an application for the review of the sentence. Upon imposition of the sentence, the clerk shall give written notice to the person

which we are presently concerned and it provides for a limited criminal appeal, addressed not to the question of guilt or innocence, but to challenge only the appropriateness of the punishment prescribed in the sentence. While it seeks the downward revision of an alleged excessive penalty, the law permits an upward revision to the extent of the maximum punishment prescribed by law for the particular crime. Thus, as a direct result of such an appeal, an individual's personal liberty could be restrained for an extended period of time beyond his original sentence. The law specifically denies an appeal from this decision.[8] The subsequent resentencing by the Court is simply a ministerial act, wherein the penalty determined by the Review Division is imposed upon the defendant.

No one would dispute the fact that if this petitioner were to have appealed his original conviction directly to the State Supreme Court of Errors, he would have had the legal right to counsel both in the preparation and in argument of his appeal.[9] For most defendants, the issue of guilt or innocence is no more important than the punishment that could be inflicted, if guilt were established. The appropriateness of the punishment imposed is vitally important to each individual's personal liberty. When the Legislature vested the Review Division with discretion not only to modify but also to increase the sentence of convicted defendants to the statutory maximum, it made its appeal procedure an integral part of the criminal sentencing process. It is in fact an appeal as of right, which can be exercised by a convicted criminal.

"It is a right which a person convicted of crime has under the law and the only practical method existing whereby he may have the sentence imposed upon him reviewed." Pullen v. Warden, Superior Ct. Hartford County, No. 137324 (May 11, 1964).

In this case, the Government was represented at the Review Division hearing by an experienced state's attorney, capable of presenting the government's version of the crime in its most heinous light. The rules of the Review Division recognize the adversary nature of this proceeding, in that they specifically provide that a petitioner may be represented by counsel.[10] The state's present practice of allowing counsel at the Review Division hearings where the defendant can afford such luxury would permit the financially able to secure a more judicious hearing while the penniless indigent ineffectively presents his prayer for relief.

"Absolute equality is not required; lines can be and are drawn and we often sustain them. * * * But where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." Douglas v. People of State of California, supra, 372 U.S. at 357, 83 S.Ct. at 816.

It is significant to note that the statistics of the Review Division from 1958 through 1963 disclose, that in every case where an increased sentence was ordered, the petitioner appeared at the hearing without benefit of counsel.[11]

---

sentenced, of his right to make such a request. Such notice shall include statements that review of the sentence may result in decrease or increase of the minimum or maximum term within limits fixed by law." Conn.Pub.Laws, Sept. Spec. Sess. 1957, P.A. 14, § 2; Conn. Gen.Stat. (Rev.1958) § 51–195.

8. "The decision of the review division in each case shall be final and the reasons for such decision shall be stated therein." Conn.Gen.Stat. (Rev.1958) § 51–196.

9. United States ex rel. Cooper v. Reincke, 333 F.2d 608, 614 (2 Cir., 1964).

10. Rules and Regulations, Review Division of the Superior Court. December 16, 1957, as amended June 30, 1959.

11. Petitioner's Exhibit F.; Petition of Kohlfuss, Civil Action No. 10,265. By stipulation of counsel all exhibits introduced in the earlier petition were to become a part of the record in this case.

The government further argues that there has been no denial of this petitioner's right to counsel because he has not sustained the burden of proving that a proper request has been made.

" * * * (I)t is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. * * * We held that where the Constitution grants protection against criminal proceedings without the assistance of counsel, counsel must be furnished 'whether or not the accused requested the appointment of counsel. * * *'" (citations and footnotes omitted). Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70 (1962).

" * * * If we were to hold that Gideon might not be invoked by those who did not request the assistance of counsel, we would be penalizing precisely those defendants whom Gideon was most intended to protect—those so ignorant of or unfamiliar with criminal procedures that they were not even sufficiently sophisticated to request court-appointed counsel." United States ex rel. Durocher v. Lavallee, 330 F.2d 303, 309 (en banc 1964).

Since the petitioner has already served his three-year minimum sentence and is now serving out his maximum of seven years as a parole violator, it might appear, at first blush, that the question raised is "moot"; that under the original sentence the maximum is identical with the modified sentence and thus he is not entitled to immediate release, a condition essential to warrant the granting of the writ. However, this is not the case.

If the court had appointed counsel to represent this indigent defendant before the Review Division, his sentence, theoretically, might have been substantially reduced rather than increased; and he would not now be serving his present sentence. The record disclosed no evidence that he had intelligently waived the right to counsel. Thus, the procedure followed was irregular, and prejudicial to the petitioner's constitutional rights, under the Sixth and Fourteenth Amendments to the Federal Constitution.

Nothing in this memorandum should be construed as expressing any opinion or criticism of the justness of the Review Division's decision to increase this petitioner's sentence. It is the procedural error, in failing to provide counsel to represent this indigent defendant at the hearing, that is found to be prejudicial and in violation of the petitioner's constitutional rights.

## CONCLUSIONS OF LAW

1. The petitioner has exhausted all state remedies and the Court has jurisdiction of the parties and subject matter of the action.

2. Connecticut's statutory right of limited appeal, in criminal matters,[12] has been made an integral part of the sentencing and appeal procedures and as such is an adversary proceeding requiring representation by counsel.

3. It is the duty of the State Sentence Review Division, when an indigent convicted defendant is brought before it on a petition for review of sentence, to inform him of his right to counsel and to provide the assistance of counsel if said defendant is unable to do so, because of indigence, unless there is an intelligent waiver of counsel.

4. The increase of this indigent petitioner's prison sentence after hearing, without benefit of counsel, or waiver thereof, is a violation of both the Sixth Amendment, which assures the right to counsel for defense, and the Fourteenth Amendment which guarantees due process of law.

5. Petitioner is entitled to judgment setting aside the order of the Sen-

12. See supra note 2.

tence Review Division increasing his sentence, his subsequent resentencing in the Superior Court, and the mittimus issued pursuant thereto and none other; and providing for his release under said mittimus, unless accorded a new hearing before the Sentence Review Board and subsequent proceedings had according to law consistent with the procedural requirements of this judgment, all within a reasonable time.

The conclusions of law recited herein, shall be considered as having been made pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

## ON MOTION FOR RELEASE FROM CUSTODY

On October 28, 1964, an interlocutory judgment in the above-entitled matter was filed in this Court.[1] The petitioner's present motion, filed on December 23, 1964, pro se, requests that the Court enter an order releasing the prisoner from state prison custody, pursuant to the conditions of said Judgment. No appeal was taken by either party, notwithstanding the Court's invitation so to do, pursuant to 28 U.S.C. § 1292(b).

The petitioner was originally granted leave to proceed in forma pauperis; counsel was appointed to represent him and a hearing held on the merits. Upon motion of counsel and assent by the petitioner, counsel was granted permission to withdraw from the case on December 28, 1964.

On November 20, 1964, the Sentence Review Division notified the petitioner, in accordance with this Court's decision, that it had appointed counsel to represent him before the Review Division and that the next hearing date would be January 12, 1965.[2] On December 16, 1964, the

---

[1] "JUDGMENT

This action came on for hearing before the Court, Honorable T. Emmet Clarie, United States District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered under date of October 13, 1964,

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. Unless the Petitioner is afforded a new hearing before the Review Division of the Connecticut Superior Court within a reasonable time and in accordance with the Memorandum of Decision filed October 13, 1964, the order of said Review Division increasing the sentence which the Petitioner received in the Superior Court on November 29, 1960 shall be set aside together with his resentencing in said Court and the mittimus issued pursuant thereto.

2. Failing timely compliance by the Respondent, a motion shall be made to this Court for release of the Petitioner from custody under said mittimus.

3. This Court is of the opinion, that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation. The application for an appeal hereunder shall stay proceedings in this Court; all in accordance with 28 U.S.C. § 1292 (b).

4. This action be continued on the docket of this Court."

[2] "Mr. Alfred W. Kohlfuss
Box 100
Somers, Connecticut
Dear Sir:

I have been advised that, in accordance with the Federal Court decision, Attorney Herbert J. Bundock has been appointed as your counsel in connection with the Review Division Hearing on your case.

I should like to notify you that the next hearing of the Review Division, at Somers, Connecticut, will be on January 12, 1965.

By carbon copy of this letter I am informing Attorney Bundock of the date of the hearing. He may then take the appropriate steps to communicate with you prior to the next hearing.

Very truly yours,
(signed) Robert J. Gillooly
Robert J. Gillooly
Executive Secretary"

petitioner notified the Review Division and his court-appointed counsel, in writing, that he did not intend to appear for the rehearing granted to him.[3]

It is now his claim that the rehearing before the Sentence Review Division was not ordered within a reasonable time as required by the Judgment and he is therefore entitled to an order of release. He further claims that the letter from the Executive Secretary of the Sentence Review Division of the Superior Court, dated November 20, 1964, which notified him of the rehearing and the appointment of counsel, was a nullity, because it was not sent within ten (10) days from October 28, 1964, the time limited for an appeal.

The petitioner, by his deliberate and wilful refusal to avail himself of the benefits of the rehearing granted to him by the Sentence Review Division pursuant to the terms of his Court's Judgment of October 28, 1964, has now chosen to waive and relinquish this right.[4] The Court finds that the action of the Sentence Review Division granting the petitioner a rehearing on January 12, 1965, and appointing counsel to represent him, as set forth in its letter of November 20, 1964, constituted a timely compliance with this Court's Judgment filed October 28, 1964.

The petitioner's motion for release from custody, filed December 23, 1964, is denied. Final judgment may enter denying the petitioner's application for a writ of habeas corpus and dismissing the same. So ordered.

3. The second paragraph of petitioner's letter states as follows:
   "I respectfully wish to advise you, that 'I do not intend to again appear before the Sentence Review Division, (at the Hearing of January 12, 1965).' "

4. Copy of file memorandum of Sentence Review Board dated January 13, 1965:
   "On January 12, 1965, at 11:30 a. m., Alfred Kohlfuss was presented before the Review Board and advised that the Review Division Board would then re-

hear his case. Attorney Herbert Bundock, special public defender, had been appointed to represent him at this time and stated substantially the position of his client, as outlined in his letter to the Board dated January 2, 1965. Assistant Atty. Gormley was also present on behalf of the state.
Thus, although counsel had been afforded him and the Board indicated its continued willingness to rehear the matter, Alfred Kohlfuss elected not to go forward with his rehearing."