STATE OF CONNECTICUT *v.* RICHARD STALLINGS

SUPERIOR COURT  HARTFORD COUNTY  FILE No. 26134

Memorandum filed October 21, 1964

*John D. LaBelle,* state's attorney, for the state.

*James D. Cosgrove,* public defender, and *Edward J. Daly,* assistant public defender, for the defendant.

BARBER, J. A grand jury, on June 3, 1964, returned an indictment charging the defendant with first degree murder. Defendant now moves to quash or dismiss the indictment upon the grounds that (1) he was denied a hearing in probable cause as provided by General Statutes § 54-76a, (2) the grand jury received and considered hearsay evidence, and (3) the defendant was not permitted to have counsel with him when he was before the grand jury.

## I

It appears that after defendant was brought before the Circuit Court and before a hearing in probable cause, the Superior Court issued a bench warrant bringing him before this court. The practice of issuing bench warrants to bring defendants before this court without the delay of a hearing in probable cause has long been used in this state. *State v. Hayes,* 127 Conn. 543, 581; see *State v. Reid,* 146 Conn. 227, 235. Of course, in the case of crimes punishable by death or life imprisonment, a presentment or an indictment by a grand jury must precede the taking of a plea or trial. Conn. Const. art. I § 9. Bench warrants are authorized by statute in the Superior Court to apprehend persons whom the state's attorney has reasonable ground to believe have committed a crime, and the applicable statute expressly contemplates crimes punishable by death or life imprisonment. General Statutes § 54-43. The use of such bench warrants, under the present statute, in murder cases has been sustained in a

well-reasoned and substantiated decision of this court. *Walters* v. *Platt,* 22 Conn. Sup. 1.

General Statutes § 54-76a only regulates procedure in probable cause hearings in the Circuit Court. This statute had its origin in 1959 and supplements General Statutes § 54-1a. The procedure outlined is not a matter of right unless the case remains before that tribunal. The right to such a preliminary hearing is not a constitutional right or one that exists at common law. *Commonwealth* v. *O'Brien,* 181 Pa. Super. 382, 387, appeal dismissed, 389 Pa. 109; *State* v. *Jackson,* 43 N.J. 148, 165; 14 Am. Jur., Criminal Law, § 240. Such right is not provided by statute in this state.

## II

The court *(Parmelee, J.)* charged the grand jury that it should not receive or elicit any evidence which would not be admissible upon the trial. *State* v. *Kemp,* 126 Conn. 60, 71; but see *Costello* v. *United States,* 350 U.S. 359; Wright, "The Rules of Evidence Applicable to Hearings in Probable Cause," 37 Conn. B.J. 561, 562. In the *Costello* case, in deciding a motion to quash an indictment on the ground that hearsay evidence had been presented to a grand jury, Mr. Justice Black stated: "No persuasive reasons are advanced for establishing such a rule. It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." Nor has the court in this state been persuaded to establish such a rule. *State* v. *Fasset,* 16 Conn. 457, 465, 470; Nahum & Schatz, "The Grand Jury in Connecticut," 5 Conn. B.J. 111, 137. There seem to be a number of reasons why this suggested rule has not been adopted. Proceedings before a grand jury are preliminary and ex parte and are only to establish probable cause. To establish such a rule would

entail an unnecessary invasion of the secrecy which is essential to the nature of grand jury proceedings and which is required by oath. Finally, an accused is not entitled to a rule which would result in delay and add nothing to the assurance of a fair trial. Even if the grand jury did receive and consider hearsay evidence, that would not entitle the defendant to have the indictment quashed. *State* v. *Fasset,* supra, 472.

### III

The law is well settled that proceedings before a grand jury are secret and essentially ex parte, evidence for the state alone being received. Counsel for the accused may not accompany him before the grand jury. *Lung's Case,* 1 Conn. 428; *State* v. *Wolcott,* 21 Conn. 271, 279; *State* v. *Hamlin,* 47 Conn. 95, 104. The "State Grand Jury Handbook," recently prepared under the auspices of the section of judicial administration of the American Bar Association, states (p. 16): "Finally, bear in mind that neither a defendant nor an ordinary witness, when appearing before a Grand Jury, is entitled to have his counsel present in the Grand Jury Room. To do so would be unlawful."

Proceedings before a grand jury, where the accused is neither interrogated, put to plea nor permitted to present a defense, are not a critical stage in the prosecution that requires the presence of counsel. *State* v. *Guay,* 25 Conn. Sup. 61, 67; *United States* v. *Reincke,* 333 F.2d 608, 611 (2d Cir.). There has not been a showing that absence of counsel at the grand jury proceedings will result in an absence of fairness at the trial.

The motion to quash or dismiss the grand jury indictment is denied.