■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST THOMPSON, Also Known as CLARENCE THOMPSON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated February 4, 1969, which denied the application. Order affirmed. The order appealed from denied defendant's *coram nobis* application

seeking to overturn a 1954 Maryland conviction which served as a predicate for his receiving second felony offender treatment upon his subsequent conviction in New York (see prior appeal [*People* v. *Thompson,* 26 A D 2d 938, revd. 19 N Y 2d 987]). Defendant's contention is that he was not represented at a "critical" stage of the Maryland proceedings in that he entered a plea of not guilty at a post-indictment arraignment without his retained counsel being present. Looking at the circumstances of this case in the light of the applicable Maryland statutes, we cannot agree that the arraignment referred to by defendant was a critical stage of the proceedings. When defendant appeared for trial with counsel, he was asked whether he wished to continue the plea entered at the arraignment or change it. Given this opportunity to withdraw the plea and raise any points which could have been raised previously, counsel indicated that defendant wished to continue it and also that he wished to be tried by the court. Defendant was thereafter represented at all times by counsel and found guilty and sentenced. It is clear from this record that the absence of counsel at the arraignment resulted in no prejudice to defendant (see *United States ex rel. Cooper* v. *Reincke,* 333 F. 2d 608, cert. den. 379 U. S. 909; *De Toro* v. *Pepersack,* 332 F. 2d 341, 343, cert. den. 379 U. S. 909; *Underwood* v. *Bomar,* 335 F. 2d 783, 787, cert. den. 380 U. S. 921). Christ, Acting P. J., Brennan, Rabin and Munder, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: Though defendant was not represented by counsel at the arraignment in Maryland, following which his predicate conviction was rendered, the arraignment under the circumstances of this case was not a critical stage of the criminal prosecution. Nothing that was done at the arraignment resulted in a loss of rights to defendant and he was represented by counsel at all other stages of the prosecution.