STATE of Delaware, Plaintiff Below, Appellant,

v.

Richard D. RUSSO, Defendant Below, Appellee.

Supreme Court of Delaware.

Oct. 15, 1970.

Daniel A. Durkin, Deputy Atty. Gen., Wilmington, for the State.

Harold Leshem, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Judge.

This is an appeal under 57 Laws, Ch. 133 granting an absolute right to the State to appeal from a final order of a lower court dismissing an indictment.

Richard D. Russo, aged 17 years, in 1969 was involved in a head-on collision between automobiles, as a result of which the driver of the other car died. Thereafter, Russo was indicted for manslaughter and plead not guilty in Superior Court. He thereafter moved to dismiss the indictment under Criminal Rule 12, Del.C.Ann. The motion to dismiss was granted on the ground that the Family Court had exclusive jurisdiction of the matter under 10 Del.C. § 951. Later, a petition was filed in the Family Court charging Russo with delinquency, viz., committing manslaughter.

Russo contends that 10 Del.C. § 951 grants exclusive jurisdiction to the Family Court over minors who have committed non-capital felonies. Section 951 provides in part as follows:

"§ 951. Exclusive jurisdiction

"(1) Concerning any child residing or found in New Castle County who is alleged to be delinquent, neglected or dependent;

"(2) Concerning any child residing or found in New Castle County charged with having violated any law of this State or any charter, ordinance or regulation of a sub-division thereof;"

The State contends that Article IV, § 28 of the Constitution, Del.C.Ann., prohibits the General Assembly from conferring jurisdiction over felonies upon the Family Court. It argues that the assumption of jurisdiction by the Family Court over a minor charged with the commission of a noncapital felony is a violation of Article IV, § 28. Section 28 provides in part as follows:

"The General Assembly may by law give to any inferior courts by it established or to be established, or to one

or more justices of the peace, jurisdiction of the criminal matters following, that is to say—assaults and batteries, carrying concealed a deadly weapon, disturbing meetings held for the purpose of religious worship, nuisances, and such other misdemeanors as the General Assembly may from time to time, with the concurrence of two-thirds of all the Members elected to each House, prescribe."

It is to be noted that § 951 confers exclusive jurisdiction upon the Family Court of a child who is delinquent or who has been charged with having violated any law of this State. It is plain, we think, from § 951, that delinquency is an offense against the laws of this State. Since it is an offense against the laws of this State, it is necessarily a misdemeanor because it is not labeled a felony. 11 Del.C. § 101(b).

The theory lying behind the creation of courts treating only with minors is that the State should attempt to rehabilitate rather than punish minors for the commission of offenses. Such an offense is termed delinquency rather than the crime the offense otherwise would represent in the case of an adult. The approach thus outlined has been held to be justifiable in the treatment of juveniles as opposed to adults. State v. Elbert, 115 Conn. 589, 162 A. 769 (Conn.1962); Commonwealth v. Fisher, 213 Pa. 48, 62 A. 198 (1905).

This court, in Brooks v. Taylor, 2 Storey 138, 154 A.2d 386, had occasion to consider this entire subject. While the language of the court in the *Brooks* case might be considered dictum, as is urged by the State, nevertheless we are of the opinion that the language is sound and should be followed, and is dispositive of this case.

In the *Brooks* case we said that from the establishment of the juvenile court in 1911, the court dealing with the disposition of juvenile offenders against the laws of the State has had jurisdiction of all non-capital crimes committed by juveniles regardless of whether they were felonies or misdemeanors. We pointed out the modern distinction between felonies and misdemeanors, and distinguished the common law rule with regard to what crime constituted a felony. We said in effect that courts designed to deal with juvenile offenders were not bound by the artificial distinction between felonies and misdemeanors and, consequently, the limitation imposed by Article IV, § 28 of the Constitution had no bearing when it came to the treatment of juvenile offenders against the laws of this State.

We further said that the charge of an offense against juveniles is a criminal matter within the framework of the Family Court, but the limitation of jurisdiction in § 28 of the Constitution based upon the distinction between felonies and misdemeanors is inapplicable when it comes to the jurisdiction over minor offenders. We point out that this is not a hard and fast direction to the Family Court to take jurisdiction of all minors accused of all, even the most heinous of offenses, since 11 Del.C. §§ 2711 and 2712 permit the Family Court after a hearing to refer a juvenile to the Superior Court for trial as an adult when such juvenile is found to be unamenable to the processes of the Family Court.

We accordingly approve the holding in the *Brooks* case, and if the language pertaining to the case before us is dictum, we hereby adopt it as the law of this State. We therefore hold that the Family Court had exclusive jurisdiction over Richard Russo and that the indictment in the Superior Court was properly dismissed.